THE DeSOTO GOLD MINING CO. v. SMITH, TREAS.

Taxpayer—Taxes—Action to Test Legality of Tax.—The right given by sec. 340 of Rev. Stat. to a taxpayer to pay taxes under protest, and within thirty days thereafter to bring an action to test their legality, is confined to the person in whose name the property is listed, and cannot be extended to one purchasing after the property is assessed.

Before WATTS, J., Chesterfield, February, 1896. Affirmed.

Action by the DeSoto Gold Mining Company against John D. Smith, as county treasurer of Chesterfield County, to recover certain taxes paid by it under protest, and assessed against a former holder of the property. The following is the decree of the Circuit Court:

After the complaint in this case was read, the defendant, by W. F. Stevenson, of counsel, moved to dismiss the complaint, on the ground, among others, that the remedy allowed by statute is to the person against whom said taxes are illegally assessed, and it appears here that plaintiff is not such a party. I sustain the motion and dismiss the complaint, which shows that the taxes were charged to the Brewer Mining Company, whereas the plaintiff has since bought the property with the lien upon it, and has paid the taxes, and brought this action not by the party against whom said taxes were charged. It is, therefore, ordered, adjudged, and decreed, that the complaint be dismissed.

From this order the plaintiff appealed on the following exceptions:

1. Because his Honor erred in holding that the complaint did not state facts sufficient to constitute a cause of action.

2. Because his Honor erred in holding that the remedy allowed by statute is to the person whom said taxes are illegally assessed, and it appears here the plaintiff is not such a party, whereas he should have held that the plaintiff having become the purchaser of the title of the Brewer Mining Company, could legally recover back any illegal and unjust tax assessed against the said Brewer Mining Company which it had been compelled to pay under protest.

3. Because his Honor erred in holding that taxes which were illegally and unjustly, wrongfully and without authority of law assessed against the property of the Brewer Mining Company, constituted a lien thereon.

4. Because his Honor erred in holding that a purchaser of real estate upon which taxes have been assessed illegally and without authority of law, after being compelled to pay them under protest in order to protect his title, is without any remedy for this wrong, and that he could not recover them back from the defendant.

*Mr. E. J. Kennedy*, for appellant, cites: *On point decided:* 10 Johns., 467; 8 Ib., 41; 11 Mich., 486; 4 N. Y., 140; 4 Ill., 153; Rev. Stat., 340, 341; 1 McM., 418; 15 Rich., 177; 2 S. C., 500.

*Mr. W. F. Stevenson*, contra, cites: *On point decided:* Rev. Stat., 340, 341; 19 M. E., 373; 2 Cranch, 358; 4 Wheat, 122.

April 10, 1897. The opinion of the Court was delivered by

MR. JUSTICE POPE. This is an action begun by the plaintiff against the county treasurer of Chesterfield County, in this State, to recover certain taxes paid by the plaintiff, under protest, within thirty days thereafter, as provided for in certain cases by an act of the General Assembly of this State. The complaint sets out, substantially, these allegations: That the Brewer Gold Mine Company, a corporation doing business in mining for gold in Chesterfield County,

in this State, early in the year 1894 made its return of its property for taxation, but in such return failed to state the value of the products of said mining operations for the twelve months preceding. That in accordance with the requirements of the county board of assessors for Chesterfield County, which required that the Brewer Mining Company should place some value on the products of said mining operations, said Brewer Mining Company returned the same at value of $3,271.90, but said board of assessors raised the same to $130,876. That, on application, the comptroller general of the State reduced this to $39,671. In addition to that, the county auditor added 450 acres of land, valued at $1,350. That the taxes assessed on said property was $706.42, of which $653.42 was illegal. That the Brewer Mining Company became insolvent during the early months of the year 1894, and that on salesday in August, 1894, all its plant, including its lands and mines, were sold by the sheriff of Chesterfield County, under sundry executions in his hands against said Brewer Mining Company, and purchased by Mrs. Hearst, who afterwards, under a deed with full warranties, conveyed the same to the plaintiff, a corporation created under the laws of the State of California, but having an office in said Chesterfield County, in the State of South Carolina. That the plaintiff, on account of the Brewer Mining Company owning no property, but being hopelessly insolvent, on account of the assessed taxes for $706.42 being a lien on the property sold by the sheriff as that of the Brewer Mining Company, and to prevent a sale thereof did, on the       day of March, 1895, pay the said taxes under protest, and now brings this action, on the 30th day of March, 1895, to recover from the defendant, as treasurer of Chesterfield County, that part of the $706.42 so paid which was illegally assessed, to wit: the sum of $653.42.

At the hearing before his Honor, Judge Watts, when the complaint was read, the defendant demurred thereto, on the ground that the complaint failed to state a cause of action against the defendant. This demurrer was sustained. Let

the order passed by Judge Watts be incorporated in the report of the case, and also the grounds of appeal therefrom. The primary question is, has the plaintiff stated a good cause of action in his complaint, admitting all the allegations, for the time being, to be true? It is evident that no matter how unjust the assessment of taxes against the Brewer Mining Company may be, that the payment of said taxes *under protest* by the DeSoto Gold Mining Company, another and entirely different corporation from the Brewer Mining Company, cannot of itself operate to give the plaintiff a good cause of action against the defendant, for confessedly this right of action is bottomed upon the provisions of the act of the General Assembly of this State entitled "An act to provide for the assessment and taxation of property," XVII. Stat. at Large, 983, which are now a part of the Revised Statutes of this State. If the provisions of law referred to fail to secure a right of action in any one else other than the person in whose name the taxes are assessed, who shall pay taxes under protest, then no relief can be afforded under said act. Now, let it be borne in mind that these taxes were assessed against the Brewer Mining Company, and became a charge upon its property long before the plaintiff existed as a corporation. The lien for these taxes existed upon the property of the Brewer Mining Company before a sale was made of its property by the sheriff. Let us see what provisions under the statute referred to exists in favor of one who pays taxes under protest. It will be found embodied in section 340 of the Revised Statutes, and is in these words: "In any case in which county, State or other taxes shall be charged against any person upon the books of the county treasurer, and he shall claim payment of such taxes, or shall take any steps or proceedings to collect the same, such person, if he conceive the same to be unjust or illegal for any cause, shall pay the said taxes, notwithstanding under protest, in such funds, &c. * * * The person so paying said taxes may at any time within thirty days after making such payment, but not afterwards, bring

an action against the said county treasurer for the recovery
thereof in the Court of.Common Pleas for the county in which
the taxes are payable." * * * The plain meaning of the
language employed by the legislature and just quoted is,
that the person in whose name the taxes are listed shall
have the right to pay the same under protest, and then test
by suit their legality. It nowhere appears that this right
to bring suit is extended to any other person than the per-
son in whose name such property is listed on the tax books.
We cannot extend this right to any other person than such
listed owner, no matter how strongly the equities may ap-
peal to us. The legislature has so written its will in this
matter, and we cannot go beyond such expressed will. The
Circuit Judge took this view, and in doing so we are obliged
to hold that he committed no error. This being our con-
clusion, all other questions set up in the appeal become
abstractions, and cannot be fairly said to arise.

It is the judgment of this Court, that the judgment of
the Circuit Court be affirmed.