13447

FANN v. STATE HIGHWAY DEPARTMENT

(165 S. E., 785)

See also 160 S. C., 156, 159 S. E., 617; 155 S. C., 219; 152 S. E., 429.

*Messrs. John M. Daniel, Attorney General, Cordie Page* and *J. Ivey Humphrey, Assistants Attorney General* and *Sawyer & Sawyer,* for appellant,

*Messrs. R. S. Moore, Barron, Barron & Walker* and *Nicholls, Wyche & Russell,* for respondent,

On re-hearing October 10, 1932.

July 12, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The plaintiff sued the State Highway Department for damages in the sum of $4,000.00, for personal injuries sustained by her in an automobile accident, alleged to have been brought about on account of defects in, and the negligent repair of, a state highway in Union County. The trial in the Court of Common Pleas of that county, before his Honor, Judge Sease, resulted in a verdict in favor of the plaintiff for $1,000.00. From the judgment entered thereon, the defendant has appealed to this Court.

There are numerous exceptions, but the appellant's counsel concede that they raise only five questions. Without a discussion of the several exceptions separately, we shall pass

upon the issues they make, but in an order other than that stated by the appellant.

The Judge overruled a demurrer to the complaint, which was set forth in very general grounds. Little is said about the grounds in the argument. As to the positions taken, we quote practically all that was said by appellant's counsel in their brief: " * * * The specifications and actions which are alleged to constitute negligence are things which are not required of this defendant by law. There can be no negligence unless there is a failure to do that which is required or the doing of that which is prohibited. The alleged negligence in the complaint are acts of omission and none of the acts are required by law. As to maintaining the highway at this place, the Legislature took over the highway in the Act of 1924 and specifically directed this defendant to maintain it. It cannot be negligence to do that which the law definitely requires the defendant to do."

Without repeating all the matters set out in the complaint, we think a brief résumé of what was charged therein is sufficient to show that the demurrer, on the grounds mentioned, was properly overruled. As to the defects in, and the negligent repair of, the highway, the respondent charged that her injuries were occasioned because the main highway, where it crosses a railroad, turns abruptly to the right with a steep embankment to the left of the road and within a few feet of the railroad track; that at or near the abrupt turn, there was an old road, not intended for use. left when the main highway was improved and paved by the appellant, on which there is a gully within a few feet of the paved highway that at the abrupt turn, there was no guard rail or other protection to prevent a traveler from going over the steep embankment; that there was no sign or warning of any kind whatsoever to warn of the presence of the abrupt turn; that at night (and the accident occurred at night) the lights of an automobile fail to disclose the abrupt turn, but show the presence of the old road, which road appears to be a

continuation of the main highway after it crossed the railroad track; and that the driver of the car, unacquainted with the road, under the circumstances, although driving in a careful and entirely legal manner, because of the negligent condition of the highway, and the defects therein, drove into the old road, over the steep embankment and into the gully.

The law (Act No. 731 of 1924 (33 Stats. 1193), Section 5926 et seq., 1932 Code), "The Pay-As-You-Go Act," required the State Highway Department to construct certain roads in the State highway system, which, under the law, were to be "ever after maintained as State Highways." Under that Act, and subsequent legislation hereafter referred to, the liability and responsibility of the counties as to the maintaining all those highways were imposed upon the State Highway Department. The principles formerly recognized as to the duties, liabilities, and responsibilities of the counties as to maintaining and repairing of highways are clearly applicable to the State Highway Department as to State highways. The general rules of care and duty as to condition of highways seem to us to be well stated in excerpts, which we quote, from 29 C. J., at pages 680 and 681. There, it is said: "Counties and towns are not insurers of the safety of their highways, but must use, and are liable to any one injured by their failure to use, at least ordinary or reasonable diligence at all times, when practicable, to keep the road reasonably safe in view of the probable traffic; * * * The duty to keep the highway in a reasonably safe condition means safe for general or ordinary travel or use for any lawful and proper purpose including use by automobiles and bicycles. * * * In determining whether a highway is in a reasonable state of repair, its location and character and the extent of travel thereon are to be considered."

The strong claim of the appellant appears to be the fact that the complaint showed on its face that the accident occurred beyond the limits of the highway, out in the old road,

and there was no defect, or negligent repair of, the highway alleged which was the proximate cause of the accident. We think appellant has misunderstood the allegations of the complaint. While it was declared therein that the automobile ran over the embankment into the gully beyond the limits of the highway, it was also alleged that the cause of that occurrence was due to defects in, and negligent repair of, the main highway itself.

It is true, as we understand appellant's contentions, that generally, "No liability exists for an injury occurring beyond the highway lines, although the line of the highway is not marked." 29 C. J., 683. The same authority, however, adds this: "But where the boundary line is not indicated by visible objects and a traveler while keeping within the general course of travel and close to the highway, and within what he believes to be the highway, is injured by a defect outside thereof, the municipality will be liable as if the defect existed within the highway, although such rule has not always been applied in the case of sidewalks."

The principles appearing to be particularly applicable to the allegations of the complaint in the case at bar are stated at 29 C. J., 688-690, as follows: "A municipality is liable for neglect to guard or place lights around obstructions and dangerous points in a highway, or to furnish suitable barriers wherever necessary for the safety of travelers, but not otherwise. *The danger must be of an unusual character, such as a bridge, declivity, excavation, steep bank, or deep water*. It is not the duty of the municipality to fence its road nor to provide barriers merely to prevent travelers from straying off the highway. *The necessity of a barrier depends upon the circumstances of the particular case*, and in determining such necessity the proximity of the danger with reference to the highway as traveled, the width and general character of the road, the amount and character of travel, and the presence of other objects serving as guards,

may be considered, as may be the presence of some object or agent liable to frighten a horse. Where the condition of a highway is such as in itself to give notice that the way is not open to public travel, it is not necessary to place barriers there. *The accident must, in order to render the municipality liable, have been such that the presence of the guard or signal would have prevented its occurrence.* Ordinary care is the measure of duty required in guarding or warning of dangerous places; and a municipality is not bound to guard against rare and unforeseen accidents." (Italics added.)

The stated principles seem to be in harmony with our cases of *Blakely v. Laurens County,* 55 S. C., 422, 33 S. E., 503, and *Morris v. Langley Mills et al.,* 121 S. C., 200, 113 S. E., 632, 634, 36 A. L. R., 302. In the *Morris case,* where it was alleged that the county failed to provide adequate guard rails upon a causeway, Mr. Justice Marion, for this Court, made the following statement: "The measure of the county's duty in that regard is ordinary care to provide against such dangers to the traveling public as may reasonably be anticipated, having due regard to the character of the travel, the incidental purposes for which the highway may be lawfully used, and the nature of the danger at the point in question."

The Act of 1928 (35 Stats. 2055), contained in Section 5887 of the 1932 Code, under the terms of which this suit was brought and tried, gives a right of action to "any person, firm or corporation who may suffer injury to his or her person or damage to his, her or its property by reason of a defect in any State highway, or by reason of the negligent repair of any State highway," under certain conditions.

There does not appear to be, as stated by the appellant, any statute expressly requiring barriers, guards, or warning signs to be located and maintained by the State Highway Department along State highways, but the general law of the State, long recognized by the decisions of this Court,

regardless of statutory enactment, requires authorities in charge of the highway, road, or street "to provide against such dangers to the traveling public as may reasonably be anticipated, having due regard to the character of the travel, the incidental purposes for which the highway may be lawfully used, and the nature of the danger at the point in question." *Morris v. Langley Mills, supra.*

In another issue made by the appellant, the question is raised that the Act of 1928, *supra,* did not authorize this suit against the highway department, because of the failure on the part of the respondent to comply with the requirements of that Act relating to the filing of a claim in due time with the State Highway Department, and failure to enter the suit within the required time. In connection with the question here to be considered, we may also consider one other question made by the appellant, regarding the introduction in evidence of the proof of the filing of the claim, which was permitted by the trial Judge over appellant's objection.

Stated in our own way, the facts pertinent to the questions before us, and the statutes relating to those facts, are these:

The accident occurred on July 23, 1927. At that time, the law permitting actions for injury or damage to person or property through a defect in a State highway was contained in Act No. 189 of 1925 (34 Stats. 287), entitled "An Act to Amend Section 2948 of the Civil Code of Laws, Volume 3, Relating to Damages From Defective Highways, so as to Further Provide for the Payment of Damage or Injury Sustained Upon the Highways of the State," which Act was superseded by the Act of 1928, *supra. Fann v. State Highway Department,* 155 S. C., 219, 152 S. E., 429.

Although she might have done so, the respondent did not sue under the terms of the Act of 1925. She did not commence her action until April 30, 1930. Prior to the service of the summons and complaint, the respondent filed on

April 14, 1930, a claim for $4,000.00 with the State Highway Department for the injuries and damages alleged to have been received by her, which claim was disapproved by the department on April 24, 1930.

The Act of 1925, *supra,* contained no requirement that a claim must be filed with the State Highway Department before the institution of suit for damages received by reason of a defect in any State highway, and neither was there any special limitation in that Act as to the time for the commencement of such suit.

In Section 3 of the Act of 1928, it was provided, as a condition precedent to the bringing of an action against the highway department for injuries sustained on account of a defective highway, that "a claim giving the date, place where the injury or damage occurred, and the amount claimed must be made out, sworn to, and filed with the State Highway Department within ninety days after the alleged injury or damage"; and that suit "must be commenced, by the service of a summons and complaint, within six months from the date of the injury or damage." (Note: The time limits were enlarged to one hundred and eighty days for the filing of the claim and twelve months for the commencement of the action by the Act of 1931 [37·Stat., 337, Code 1932, § 5887].) However, it was also provided in the 1928 Act that "the time limits imposed * * * for giving notice and commencing suit shall not apply in cases of injuries or damages already sustained or claims already filed with the State Highway Department *which may be compromised or settled under the provisions of Section 1" of the Act. In Section 1, the State Highway Department was given authority "to settle or compromise any claim in an amount not exceeding three hundred ($300.00) dollars."*

The appellant contends here, as it contended in the lower Court, that the exemption from the provisions as to filing claims and commencing suits applied only to those cases

which could be compromised by the State Highway Department; that the claim of the respondent being in excess of $300.00, the same could not be compromised by the State Highway Department, and, accordingly, the respondent's failure to file her claim within ninety days and to commence her suit within six months from the date of the injury barred her right to recover.

While, as urged by the appellant, the statute must be strictly construed (*Randal v. Highway Department,* 150 S. C., 302, 148 S. E., 57; *U. S. Casualty Company v. Highway Department,* 155 S. C., 77, 151 S. E., 887), we think the construction here sought is entirely too narrow. The State Highway Department, in our opinion, is authorized and empowered to settle or compromise a claim for more than $300.00, but the department cannot pay more than $300.00 in making such compromise or settlement. When all the language of the statute is read together, we think it is clear that the Legislature intended that the department should have the right to compromise any claim filed with it, with the provision that such compromise should not be for more than $300.00.

If we should agree with the position of the appellant, however, that the department could not compromise a claim filed with it in excess of $300.00, nevertheless we would still be of the opinion we have that the time limits as to filing claims and commencing suits were waived as to "cases of injuries or damages already sustained," regardless of the amount thereof. The italicized language, *"which may be compromised or settled under the provisions of Section 1,"* does not have the effect claimed for it by the appellant. Those italicized words, in our opinion, plainly meant that the department could compromise claims already filed with, or cases already instituted against, the department under the Act of 1925, which authority to compromise was not given in Section 1 of the Act of 1928 or in the Act of 1925.

In the questions under consideration, the appellant takes the position that though the respondent filed her claim with the highway department before the institution of her suit, she did not file the same within ninety days after the Act of 1928 became effective, and her failure to file her claim within that time precluded her right to bring the action. In the case of *Fann v. Highway Department, supra* (growing out of the same accident as this case), the plaintiff sued under the Act of 1925. Between the time of the commencement of his suit and the time of the trial, the Act of 1928 took effect. We held that while the time limits for the filing of claims under the Act of 1928 did not apply in that case, nevertheless it was incumbent upon the plaintiff to file his claim before the suit could be properly instituted. If the plaintiff in the other *Fann case* had not sued until after the passage of the 1928 Act, he could have then filed his claim and proceeded to sue. Under those peculiar circumstances, we allowed the plaintiff to file his claim with the highway department, and thereafter to set up the fact of such filing in a supplemental complaint. It appears to us that the respondent in this case complied with the 1928 statute and with our holding in the other *Fann case,* for she filed her claim before the commencement of the suit, and her suit was brought in due time. Clearly, the Act does not sustain the appellant's position that the claim should be filed within ninety days from the time the Act took effect, and suit must be brought within six months of that time, as to injuries and damages suffered prior to the passage of the Act. No language contained in it seems to us to bear out the construction which the appellant wishes given.

The 1928 Act requires the filing of a claim before the suit is commenced. We imagine the purpose of this was to give the highway department notice of the claim so that it might make investigation before the suit was instituted. The Act seems to us, however, to fail of what the Legisla-

ture may have had in mind. Under its terms, it would appear that the moment a claim is filed, the claimant may immediately proceed to enter suit. If it is the legislative intention to give the department a reasonable time to investigate a claim before suit is brought, the law should be changed. That, however, is a matter with which the Legislature alone is concerned, and at this time has no bearing upon the issues in this cause.

Since the claim was properly filed with the State Highway Department, and the complaint contained an allegation to that effect, which allegation the appellant denied in its answer, the proof of the filing of the claim was relevant, a matter which the respondent should have established, and the Court was correct in admitting that evidence.

Appellant's other two questions relate to the refusal of the trial Judge to grant its motions for a nonsuit and for a directed verdict in its behalf. Both of these may be considered together, since, with one exception, they were based upon the identical grounds.

It is not necessary to review the evidence adduced at the trial. It is entirely sufficient to say that the respondent offered evidence to sustain the allegations of her complaint. Having held that the complaint was good against the demurrer interposed, it necessarily follows that if the evidence supported the delicts set forth, the trial Judge could not do otherwise than submit the case to the jury. In addition to the evidence tending to sustain the allegations of the complaint, we may call attention to this additional matter. The jury viewed the scene of the accident; they saw the road, the manner in which it had been constructed. They ascertained if barriers, guards, or warning signs were there. When a jury views a highway on which an accident has occurred, without much other evidence, they can usually come to a righteous conclusion as to whether or not the authorities in charge of the highway have been negligent in

the maintenance and repair of the highway, and if there are defects therein sufficient to cause injuries and damages to persons and property, who are lawfully traveling on the highway.

We need notice specially but one ground offered on the motion for a directed verdict—the one not presented in the motion for nonsuit. That ground was that the evidence in the case showed that the automobile in which the respondent was riding was being driven at a greater rate of speed than that allowed by law at the time and place of the accident, and the driver, therefore, having negligently contributed to the accident, the respondent, as a matter of law, could not recover, and the directed verdict should have been granted. The position taken is concluded against the appellant's view by our decision in the recent case of *Townsend v. State Highway Department,* 156 S. C., 541, 153 S. E., 572. In that case, where the plaintiff sued the State Highway Department for injuries to himself and damages to his automobile, on account of the negligence and mismanagement of the State Highway Department in a highway under its control, we considered the questions of the failure of the driver of the automobile to completely stop his car before entering an express highway, and to reduce the speed of his car to a rate below six miles an hour in traversing the highway crossing, as required under the law of an operator of a motor vehicle. We held, in effect, that even if the violations of law mentioned were conclusively shown, and there was evidence also as to the negligence of the defendant, it was a question to be submitted to the jury if such a violation was the proximate cause of the injury and resulting damage.

The judgment of this Court is that the judgment below be, and the same is hereby, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.

ON PETITION FOR REHEARING

*Per Curiam.*

In its petition for a rehearing, the appellant calls attention to some slight errors the Court made in "a brief résumé"

of the allegations of the complaint. The main error is our reference to "an old road." We said it was charged by the respondent "that at or near an abrupt turn, there was an old road * * *." It now appears that we should have said "another road," which appeared to be a continuation of the main highway, and not an "old road." Our incorrect statement was due, it appears, to certain language used by the respondent in her argument, and with the purpose of making as short as reasonably possible our statement as to the allegations of the complaint. That the parties and others interested may have a full understanding of the case, although the opinion is made longer, we are willing for all the allegations of negligence to be set out in the opinion just as they appeared in the complaint.

It does not appear to us, however, that our slight inaccuracies as to the facts have any effect upon our legal conclusions. A careful consideration of the petition for rehearing has failed to convince us that we reached any erroneous conclusion as to the law involved in the cause.

It is therefore ordered that the fourth paragraph of the opinion of the Court be stricken out, and the following inserted in lieu thereof:

"In her complaint, the plaintiff alleged the defects in the highway, and the negligent repair thereof consisted of the following particulars:

"(a) In maintaining a highway which, at the place where it crosses the Southern Railway, turns abruptly to the right with a steep embankment to the left of the road and within a few feet of the railroad track.

"(b) In failing to have at the place where the said highway turns so abruptly to the right, any guard rail or other protection to prevent a person traveling in an automobile from going over said steep embankment.

"(c) In failing to have on said highway any sign post, guard rail, or other warning, of the presence of the steep embankment and of the abrupt turn of the highway to the right.

"(d) In failing to have on said highway where it approaches the railroad crossing any sign or warning whatever of the abrupt turn of the highway to the right immediately upon crossing the railroad tracks.

"(e) In maintaining a highway which, at said railroad crossing, turns so abruptly to the right that at night the lights of an automobile fail to disclose said abrupt turn and show the presence of another road which appears to be a continuation of the highway after it crosses the railroad track and misleads and deceives a person traveling said highway.

"(f) In failing to construct at said dangerous railroad crossing an underpass or an overhead bridge.

"(g) In negligently and willfully failing and refusing to relocate the highway at the point where it crosses the railroad track so as to eliminate the sharp and dangerous curve to the right, notwithstanding the knowledge on the part of the defendant of the dangerous and defective condition of said highway."

"The allegations of the complaint were entirely sufficient to authorize the overruling of the demurrer."

The former opinion of the Court, as amended herein, will be filed and become the opinion of the Court.

The petition for rehearing is dismissed, and the order staying the remittitur is revoked.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.