14358

BOMAR v. CITY OF SPARTANBURG
PENNELL & HARLEY, INC., v. CHEMICAL NATIONAL BANK
& TRUST CO. ET AL.

(187 S. E., 921)

454

Before Sease, J., Spartanburg, December, 1935.

*Messrs. Odom & Bostick* and *Esten C. Taylor,* for appellant,

*Messrs. Perrin & Tinsley,* for respondent.

October 9, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Pennel & Harley, Inc., brought action in the Court of Common Pleas for Spartanburg County against Chemical National Bank & Trust Co. *et al.,* for the foreclosure of a mortgage executed by H. L. Bomar; which action resulted in a decree of foreclosure. At the sale of the mortgaged property H. L. Bomar bid off a certain piece of it for the sum of $15,000.00, and assigned his bid to the Texas Company. The master of Spartanburg County, who had made the sale in the foreclosure and to whom the Texas Company paid the purchase money, paid to the City of Spartanburg certain taxes assessed on this property while it was owned by H. L. Bomar, for the years 1930, 1931, 1932, 1933, 1934, 1935; the payment was made from the money paid by the Texas Company. The record states that the taxes for the years 1930, 1931 and 1932 were paid under protest.

Thereafter, upon the *ex parte* petition of H. L. Bomar, his Honor, Judge Thomas S. Sease, issued a rule requiring the City of Spartanburg to show cause why it should not be made a party to the suit for foreclosure and why the taxes for the years 1930, 1931 and 1932, so aforesaid paid to it by the Master, should not be refunded by it to the Master for payment to the plaintiff.

The petition of H. L. Bomar sets forth the facts of the action for foreclosure, the sale and purchase by H. L. Bomar, the assignment by him of his bid to the Texas Company, the payment by the Texas Company to the Master of the amount of the bid, to wit, $15,000.00 and the payment by the Master to the city of the taxes for the years 1930, 1931, 1932; and the allegation that the taxes for those years were paid under protest; the alleged reason stated by the petition being that the City of Spartanburg had no lien for the taxes for those years.

The city made return to the rule and set up that:

1. It is neither a necessary nor a proper party to the said action.

2. That a rule to show cause is not the proper manner in which to bring before the Court the matter of a refund of taxes.

3. That there is no law for the payment of taxes due a municipal corporation under protest and for their recovery.

4. That it does not appear from the petition that said taxes are conceived to be unjust or illegal or that the same were wrongfully or illegally collected for any reason going to the merits, and the same are not accordingly within the purview of Section 2846, Code 1932.

In due time Judge Sease filed his order in which he holds that: "That this is a suit in equity now pending;  *  *  * this Court has full jurisdiction to determine all matters arising in the proper settlement of the issue arising under the pleadings and growing out of a sale of the property.  *  *  *  The respondent has been brought into Court properly."

Further, he holds that the process pursued by petitioner is in accord with the provisions of Section 2846 of the Code.

Further, he holds that "the taxes for 1935, 1934 and 1933 constituted liens upon the property paramount to the lien of the mortgage of Pennell & Harley, Inc., but the lien for the taxes for the years prior to. 1933 had then expired."

He ordered the City of Spartanburg to repay to the Master the taxes for 1930, 1931 and 1932, and that the Master pay the amount so refunded to the plaintiff here, Pennell & Harley, Inc.

The City of Spartanburg appeals from this order upon seven exceptions, but not that many issues are made thereby. We shall consider all of them but shall not discuss them in detail.

It will be borne in mind that this *ex parte* proceeding is not instituted by the plaintiff Pennell & Harley, Inc., nor by The Texas Company, the assignee of the successful bidder at the sale. It does not appear from the petition who made the protest of the taxes for the years 1930, 1931, and 1932; but the only reasonable deduction from all the facts is that the protest was made by H. L. Bomar at the time the taxes were paid, not by him, but by the Master from the funds paid him by The Texas Company. It is openly stated in the petition for the rule that the payment of the taxes for the years 1930, 1931 and 1932 was protested for the reason that the City of Spartanburg had no lien therefor. The order appealed from holds that the lien for the taxes for these years had expired.

Is the order appealed from in error in holding that the City of Spartanburg was properly made a party to this action? That is to say that it was a necessary or proper party to the action.

The discussion of this question may be preceded by the statement that it is held by the Courts in this jurisdiction that the matter of making persons parties to an action is left largely to the discretion of the Judge or Court to whom the motion is addressed.

True, *but the discretion is a legal discretion and must be founded upon sound legal grounds.* In other words, the judgment of the Court in the exercise of its discretion must be in conformity with strict legal principles. In the present case the presiding Judge, in the order appealed from, said: "The suit in which petitioner seeks redress is a suit in

equity now pending in this Court. A portion of the property only has been disposed of. This Court has full jurisdiction to determine all matters arising *in the proper settlement of the issues arising under the pleadings and growing out of the sale of the property involved."* (Italics added.)

Concede the correctness of the stated principle of equitable jurisprudence. But it is not applicable in this instance. The petition to make the City of Spartanburg a party to the suit brought by *Pennell & Harley, Inc., v. Chemical National Bank & Trust Co. et al.,* in which H. L. Bomar became the successful bidder-in at the public sale, who transferred his bid to The Texas Company, which assignee paid the purchase money to the Master and took deed to the property, has no relation to the issues presented by the pleadings in that case.

The *issues* in that case are settled by the decree of foreclosure and sale. There is no appeal here from any party to that action. The petition to make the City of Spartanburg a party to the action is by H. L. Bomar, and relates to certain taxes assessed by the city against the property of H. L. Bomar for the years 1930, 1931 and 1932. The Master also paid the taxes for the years 1933, 1934 and 1935. No refund of the last three named years is asked. Refund is asked of the first three named years for the alleged reason that the lien of the city for those years has expired.

Section 404 of the Code of Civil Procedure 1932 provides that "Any person may be made a defendant who has or claims an interest in the *controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein,"* etc.

We have added italics to this citation in order to call attention to the principle of pleading involved, to wit, that in order that one be made a party defendant to an action, such person must have an interest in the controversy adverse to the plaintiff. That is to say, he must have an interest contrary to the claim which is the foundation of plaintiff's action.

In this case the City of Spartanburg is brought in because it has a claim for taxes assessed by it against the real estate covered by the mortgage for the foreclosure of which the action is brought by plaintiff. Such claim for taxes is in no sense of the word adverse to the claim of the plaintiff. If that contention of the petitioner is held to be sound, it would be necessary in every action for the foreclosure of a mortgage of real estate for the plaintiff to ascertain if any taxes are assessed against such real estate, and to make the state, county, or municipality so assessing them a party to the action of foreclosure. The Court takes judicial cognizance that it is the universal practice in decrees of foreclosure to direct that the officer of the Court making the sale in foreclosure shall pay the taxes due on the property, and that it is never the custom to make the authority assessing the taxes a party to the action.

In the case of *Annely v. DeSaussure,* 12 S. C., 488, which was an action for foreclosure of a mortgage, the following is found in the opinion of the Supreme Court:

"Whether the land mortgaged has been forfeited for non-payment of taxes, or whether there is or is not a right to redeem them by law in the parties to the suit, or whether the lands are in the position of being chargeable with state or city taxes, are circumstances altogether immaterial to the present question. If the taxes claimed to be due to the state and city are to be regarded as still operative as a lien on the lands in the hands of the proper legal owners, then, as was held in *Smith v. Gatewood,* 3 S. C., 333, they are to be regarded as liens prior to that of the mortgage, and title made under a decree for the plaintiffs must be subject to such liens, unless provision is made for the payment of such taxes out of the proceeds of the sale of the mortgaged lands. To accomplish this it is not necessary or proper that either the state or the city should be made parties to such action. The state and city have a right to choose their own methods, as allowed by law, of enforcing their taxes, and should not be subjected to the expense of becoming parties

to all suits incidentally involving questions of taxation, as was said in *Smith v. Gatewood*. Under proper administrative orders the officer authorized to sell for foreclosure may apply the proceeds of sale to the payment of taxes. If there is a question as to the legality of the taxes imposed, the course to be pursued can be fixed in suitable administrative orders.

"It, therefore, follows that all that is decided by the referee in regard to an outstanding title in the state for taxes, and as to the proper mode and effect of redemption, and as to the effect of unpaid state and city taxes, the right of the parties, is foreign to the issues in the present case."

The order appealed from is sought to be justified by the presiding Judge upon the ground that the action is one in equity, and that some of the mortgaged property has not been sold, and therefore the Court still had jurisdiction of the case and could do whatever equity deemed to be just.

This doctrine is inapplicable to the present case.

It is sought to make the City of Spartanburg a party defendant in an action for the foreclosure of a mortgage, in which controversy the city has no interest, and in the determination of the issues involved therein the city is neither a necessary nor a proper party. The petition seeks a refund of certain taxes which the city has assessed against the mortgaged property.

The City of Spartanburg is an integral part of the sovereignty of the state. It is the established law that the sovereign may not be sued without its consent. Such consent is alleged by the trial Judge in the order appealed from to be found in the provisions of Section 2846 of the Code of 1932, the pertinent part of which is couched in the following language: "In all cases in which any county, state, or other taxes are now or shall be hereafter charged upon the books of any county treasurer of the state against any person, and such treasurer shall claim the payment of the taxes so charged, or shall take any step or proceeding to collect the same, the person against whom such

taxes are charged, or against whom such step or proceeding shall be taken, shall, if he conceives the same to be unjust or illegal for any cause, pay the said taxes notwithstanding, under protest, * * * and the person so paying said taxes may at any time within thirty days after making such payment, but not afterwards, bring an action against the said county treasurer for the recovery thereof in the Court of Common Pleas for the county in which such taxes are payable; and if it be determined in said action that such taxes were wrongfully or illegally collected, for any reason going to the merits, then the Court before whom the case is tried shall certify of record that the same were wrongfully collected and ought to be refunded," etc. The title to this section is *"How to Proceed in Case of Claim That Tax is Illegal."*

It being specifically admitted that the order appealed ■ from is based upon that section, the provisions of that section must be strictly complied with, for the statute is in abrogation of sovereignty, and such statutes must be strictly followed and construed. *Fann v. State Highway Dept.,* 167 S. C., 84, 165 S. E., 785.

In the case of *United States Casualty Co. v. State Highway Dept.,* 155 S. C., 77, 151 S. E., 887, 889, this Court quoted with approval the following:

" 'The consent of the state to be sued is *entirely voluntary on its part, and it may therefore prescribe the cases in which and the terms and conditions upon which it may be sued, and how the suit shall be conducted;* and the state can be sued only in the cases, manner, place, and Courts prescribed by it, and one who seeks to avail himself of such consent must pursue the remedy as it is provided by law, *and must fully comply with the prescribed terms and conditions,* and it is the duty of the Courts to see that the prescribed methods of procedure are followed.' (Italics added.) 36 Cyc., 913.

" 'That a state cannot be sued in any of its Courts without its *express consent,* which can only be given by the legislative authority, is a proposition so universally conceded as

to render any argument or authority to support it wholly unnecessary.' (Italics added.) *Lowry v. Thompson,* 25 S. C., 416, 1 S. E., 141, 143.

" 'The consent of the state to be sued must be given in express terms or at least in terms so clear and unambiguous as necessarily to imply consent; and it has been held that statutes authorizing suits against a state, being in derogation of its sovereignty, should be construed strictly, although not so strictly as to exclude a case clearly coming within their terms, for the construction should be such as to carry out the legislative intent.' (Italics added.) 36 Cyc., 913. *    *    *

"The statute of 1928, as well as that of 1925, is one in derogation of the sovereign power of the state. Following the general tendency of our own decisions, it is our duty to construe those acts so as to uphold the power of the state to refuse to be sued by a citizen in its own Courts, except in those instances where the state has *expressly* consented to be sued. It is the duty of one seeking to sue the state to show that the state has given the necessary consent. We have examined carefully both the acts referred to, and we find no language therein which we are able to so construe as to give the respondent the right to bring this action."

The order appealed from declares that Section 2846 should be liberally construed and cites *Columbia Gaslight Co. v. Mobley,* 139 S. C., 107, 137 S. E., 211, and *Western Union Tel. Co. v. Winnsboro,* 71 S. C., 231, 50 S. E., 870, as authority for the ruling. An examination of the cited cases shows that they do not sustain the ruling of the Court. In those cases the term "liberal construction" did not relate to the question whether the action was brought in conformity with the provisions of the statute which authorized it to be brought, but relates rather to the question whether the taxes therein sought to be recouped were of the nature which might be recovered under the statute. The actions in those cass were in conformity, in form, with the procedure prescribed by the statute.

Section 2846 is for the purpose of enabling a person to recover taxes unjustly or illegally taken from him. How must he proceed? He must first pay the taxes under protest. Within thirty days thereafter he must bring his action in the Court of Common Pleas for the county in which the taxes are paid. He must allege and prove that the taxes were unjustly or illegally collected, and the allegation and proof must go to the merits; that is to say, must be in support of the claim that the taxes were unjust or illegal, and were wrongfully and illegally collected. It goes without saying that this presupposes an action begun in the usual way by summons and complaint; and answer by defendant, and a trial of issues of fact by a jury.

Now, do the undisputed facts shown by the record in the matter before us conform to these requirements? Let us analyze the situation. These taxes were assessed against H. L. Bomar's property in 1930, 1931 and 1932. They were not paid by him then, nor did he then protest or claim that they were unjust or illegal. Years afterwards, when the property against which the taxes were assessed was sold under decree in foreclosure, Mr. Bomar bid it off *and* assigned his bid to the Texas Company, which paid the purchase money and took title to the property. The Master, who made the sale, doubtless acting under order of the Court, paid the taxes for the years 1930, 1931, 1932, 1933, 1934 and 1935 out of the proceeds of sale paid by The Texas Company. Thereupon, conceiving that the lien for the taxes for the years 1930, 1931 and 1932 had expired, Mr. Bomar files a petition to the Circuit Judge praying that the City of Spartanburg be made a party to the action of foreclosure by *Pennell & Harley, Inc., v. Chemical National Bank & Trust Co., et al.,* and that the money so paid be required to be repaid by the City of Spartanburg for payment to the plaintiff.

Note, now, that the petition states that the taxes were paid under protest, but it does not state who made the protest. It does, however, state that the money was paid to the City

of Spartanburg by Le Roy Moore, Esq., the Master for Spartanburg County.

> We are strongly convinced that this proceeding by petitioner is wholly irregular and does not in any single particular conform to the requirements of

Section 2846.

The case of *De Soto Gold Mining Co. v. Smith, Treas.*, 49 S. C., 188, 27 S. E., 1, 2, bears a striking resemblance to this case. That was an action against the treasurer of Chesterfield County to recover taxes paid by De Soto Mining Company under protest. The Circuit Judge, Watts, afterwards Chief Justice of this Court, sustained a demurrer to the complaint.

The Brewer Mining Company, a corporation, in 1894 was doing business in Chesterfield County. Certain taxes were assessed against it for that year. It declared a part of the taxes assessed was illegal, but it did not pay it under protest. The company became insolvent, and in August, 1894, its properties were sold by the sheriff, under executions, at public outcry, and were bought by Mrs. Herst, who conveyed the same to the plaintiff. In 1895, the plaintiff paid the assessed taxes under protest, and brought its action to recover them; basing its action on the provisions of Section 340, Revised Statutes, now Section 2846, Code Laws 1932.

Mr. Justice Pope, afterwards Chief Justice, in delivering the opinion of this Court, quoted the language of the enabling statute, which is identical with that of Section 2846 under which the petitioner in our own case is proceeding. The learned Justice said: "The plain meaning of the language employed by the legislature, and just quoted, is that the person in whose name the taxes are listed shall have the right to pay the same under protest, and then test, by suit, their legality. It nowhere appears that this right to bring suit is extended to any other person than the person in whose name such property is listed on the tax books. We cannot extend this right to any other person than such listed owner, no

matter how strongly the equities may appeal to us. The legislature has so written its will in this matter, and we cannot go beyond such expressed will. The Circuit Judge took this view, and in doing so we are obliged to hold that he committed no error."

It is true that in the present proceeding the petition is brought by H. L. Bomar in his own name as the person in whose name the taxes are listed, but it appears on the face of the petition that Mr. Bomar did not pay the taxes. They were paid by the Master out of moneys paid by The Texas Company and were paid under order of the Court. It further appears that although Mr. Bomar brought the petition, it was for the benefit of the plaintiff in the action of *Pennell & Harley, Inc., v. Chemical National Bank & Trust Co. et al.*

The proceeding falls directly under the condemnatory ruling of the *De Soto Mining Co. case, supra,* and Section 2847 of the Code which provides that "There shall be no other remedy in any case of the illegal or wrongful collection of taxes."

In the case of *Reeves v. Easley,* 167 S. C., 231, 166 S. E., 120, 126, 128, an action was brought seeking to hold the City of Easley liable in damages for injuries received by a fireman who came in contact with a car driven by a police officer. The action was based upon the statute which permits recovery for injuries received through defects in the streets of a municipal corporation. In that case this Court, quoting from the case of *Ancrum v. State Highway Dept.,* 162 S. C., 504, 161 S. E., 98, said as follows: "The action was for damages alleged to have been sustained because of defects in a highway and bridge. In order to maintain his action it was necessary for plaintiff, first, to file his claim with the department. He failed to prove that he had done this. Nevertheless, he had a verdict. On appeal Mr. Justice Stabler for this Court said: 'This court has held that an action against the state highway department is an action

against the state; that the act of 1928 (35 Stat., p. 2055) being in derogation of the sovereign power of the state, must be strictly construed; that one seeking to avail himself of the consent of the state to be sued must fully comply with the prescribed terms and conditions of the statute; and that the filing of a claim as required by the act is an essential prerequisite to a right of action.' Citing authorities."

In the *Reeves case* this Court said: "So we deduce that, in order to hold the municipality liable under the act of 1892, that act must be strictly construed, and its terms and conditions strictly complied with."

In no department of its government is the sovereign power more jealous of its rights and more tenacious of its sovereignty than in the Revenue Department, and especially the taxing branch of that department. This care is evidenced by Section 2845, Code 1932 which provides that "collection of taxes shall not be stayed" by process of Courts.

We are convinced that if the procedure employed by petitioner in this case be approved, it will be adding by judicial interpretation a power and privilege to the provisions of Section 2846 never intended by the legislative branch of the government. We repeat what was said in the *Reeves case:* "If the state desires to surrender for itself and its subdivisions immunity from suit, beyond the degree in which its sovereignty has been abrogated, it has the proper channel through which to accomplish its purpose, viz.: the legislative branch of the government. Certainly it is wholly without the province of the courts to extend that immunity."

The order appealed from holds that the petitioner is entitled to the relief he prays for for the reason that the lien of the City of Spartanburg for the taxes assessed for the years 1930, 1931 and 1932 has expired.

If it is conceded, which of course is not done, that the City of Spartanburg had been brought into the action properly, and that the proceeding by petition was the proper method by which to seek the refund of taxes

still it must be held that the Court had no authority to order the refund of taxes, the lien of which had expired. Section 2846 gives the right to a person who protests the payment of taxes because he conceives that they have been unjustly or illegally assessed and collected to bring action for the refund of such taxes, but nowhere in that section, or elsewhere, is the right given to sue for the refund of taxes, the lien of which has expired. If there be a statute of limitations for the payment of taxes, the rule here sought to be enforced would result in an invitation to some taxpayers to delay by every means in their power the payment of taxes until the lien thereon had expired by limitation.

Nowhere in the record is it shown that the assessment of the taxes for the years 1930, 1931 and 1932 has been protested, at any time, by Mr. Bomar, for the reason that such assessment is unjust or illegal.

When the Circuit Court, in an action brought under Section 2846 of the Code, decides the assessment and collection of a tax is illegal, it must certify in the record that the same was wrongfully collected, whereupon the Comptroller General shall issue his warrant for the refund of such tax; but nowhere in that section or elsewhere is the authority given to the Court to order a refund of taxes.

The question whether the lien of the city for the taxes of 1930, 1931 and 1932 has expired, is not properly involved in this procedure, and, hence, is not considered or determined by the Court.

The order appealed from is reversed and the petition is dismissed.

Mr. Chief Justice Stabler and Messrs. Justices Baker and Fishburne concur.

Mr. Justice Carter did not participate.