17099

M. F. STEPHENS, Appellant, v. J. E. HENDRICKS, Delinquent
Tax Collector of Pickens County, South Carolina, Respondent
(90 S. E. (2d) 632)

*Messrs. Julien D. Wyatt, Felix L. Finley, Jr.,* and *John T. Gentry,* of Pickens, *for Appellant,*

*Messrs. T. C. Callison, Attorney General,* and *J. M. Windham, Assistant Attorney General,* of Columbia, and *William G. Acker, of Pickens, for Respondent,*

December 19, 1955.

STUKES, Justice.

Upon former appeal of this case sustention of demurrer to the complaint was reversed and it was remanded for trial upon the merits of the defense of the bailment statute, Sec.

57-308 of the Code of 1952. 226 S. C. 79, 83 S. E. (2d) 634. Upon trial the only issue submitted to the jury was the ownership of the automobile, for the possession or value of which the action was brought; and the court reserved for subsequent decision the respective motions of plaintiff and defendant for directed verdict. The jury found that the plaintiff owned the car and that its value was $325.00.

By order thereafter the motion of defendant for directed verdict in his favor was granted and he was held entitled to the possession of the automobile. The order was principally based upon the authority of *Andrews v. Hurst,* 163 S. C. 86, 161 S. E. 331, to which we shall later again refer.

V. A. Wright of Easley was in business as a used car dealer under the name and style of Liberty Drive Used Cars. Plaintiff delivered his used automobile to Wright upon a verbal agreement that the latter would sell it for a ten per cent commission and it was placed upon Wright's car lot. This was not over two weeks before May 23, 1953, according to plaintiff's uncontradicted testimony. On that date agents of the Tax Commission accompanied the County Delinquent Tax Collector who levied upon, and took into his possession, all of the cars on the lot, including plaintiff's, which they testified Wright claimed as his own. Wright did not testify. He had never paid taxes to the State upon his sales as provided by Secs. 65-1351 *et seq.* of the 1952 Code, which became effective July 1, 1951. Agents of the Commission made an audit of his business upon which the Tax Commission assessed the past due sales taxes due and owing by Wright, including interest and penalties, at over $3,300.00. However, all of the sales included in the audit were made, and therefore all of the taxes accrued, before the delivery by plaintiff of his automobile to Wright pursuant to the unrecorded bailment for sale.

The Commission proceeded under Sec. 65-1472, Jeopardy Assessments, and Sec. 65-1473, which provides for the issuance of warrant, and the subsequent pertinent sections. The gist of the order under appeal is that

under the bailment statute, Sec. 57-308 of the Code, plaintiff's car was subject to the seizure and sale for lack of the recording of a written bailment agreement. The statute follows:

"Every agreement between the vendor and vendee or the bailor and bailee of personal property whereby the vendor or bailor shall reserve to himself any interest in the property shall be null and void as to subsequent creditors (whether lien creditors or simple contract creditors) or purchasers for a valuable consideration without notice unless such agreement be reduced to writing and recorded in the manner provided by law for the recording of mortgages. But nothing herein contained shall apply to livery stable keepers, innkeepers or other persons letting or hiring property for temporary use or for agricultural purposes or depositing such property for the purpose of repairs or work or labor done thereon or as a pledge or collateral to a loan."

However, it protects *subsequent* creditors or purchasers for value, both without notice. Clearly in this case the State became a creditor before the bailment and is, therefore, not protected by the statute. Sec. 65-1405 provides that sales taxes shall be due and payable in monthly installments on or before the 20th day of the month next succeeding the month in which the tax accrues; and shall be then paid to the Commission. In the use tax sections of the law it is expressly provided in Sec. 65-1427 that the tax shall constitute a debt owed by the seller to the State. There can be no doubt that the debt to the State arises upon each sale and the deferment of the time of payment until the 20th day of the next month is merely a grace period for payment.

Upon analysis, it clearly appears that the holding of *Andrews v. Hurst, supra,* 163 S. C. 86, 161 S. E. 331, is that a tax collecting officer is entitled to the protection of the bailment statute, but it was recognized that it applies only if the tax in question accrued after the bailment; and the case was remanded for trial of the issue, among others, of whether the tax, for which the levy in that case was made, had ac-

crued before or after the relation of bailor and bailee arose. In other words, was the State a subsequent or antecedent creditor? If antecedent, it was not entitled to the protection of the statute. In the case at bar the evidence established that the State was an antecedent, not a subsequent, creditor and, therefore, not entitled to the protection of the statute.

Respondent also relies in argument upon *Ludden & Bates Southern Music House v. Dusenbury,* 27 S. C. 464, 4 S. E. 60, where a judgment debtor became the bailee of an organ in the year 1884. The judgment had been obtained against him in 1883. The organ was levied upon by the sheriff on July 15, 1884, under execution upon the judgment which had been recovered, as said, in 1883, and the defendant, Dusenbury, became the purchaser, without notice of the unrecorded bailment, although it was in writing; and he complied with his bid and took possession of the organ. It was held in opinion by Justice McIver that the purchaser at the execution sale was protected by the terms of the bailment statute. The authority is of apparent importance here because of the fact that the obligation of Wright for payment of the sale taxes assessed against him originated before the automobile was delivered to him pursuant to the oral bailment agreement. Similarly in the cited case the judgment against the bailee, under execution in which the sale of the organ to Dusenbury was made, was recovered prior to the unrecorded bailment of the organ. This case is cited with approval in *Andrews v. Hurst, supra.* However, it was construed in the subsequent (to it) case of *Armour & Company v. Ross,* 78 S. C. 294, 58 S. E. 941, 942, 1135, to hold that the purchaser at the execution sale was protected because the unrecorded bailment, quoting, "was void as to a purchaser of the property at sheriff's sale under a judgment recovered against the bailee by a *subsequent creditor* for valuable consideration without notice"; which construction is perhaps justified by the concluding statement in the opinion (in *Ludden & Bates v. Dusenbury*) by Justice McIver to the effect that the execution purchaser must be regarded

as a subsequent purchaser without notice of the bailment. In this view the authority is inapplicable to the facts of the case at bar. In the *Armour & Company case* it was held that Ross was not a purchaser for valuable consideration without notice.

The appeal is sustained by what has been said and it is unnecessary for the decision to consider appellant's other several questions. However, one of them is of general, public interest and importance, and will on that account be answered. *Ashmore v. Greater Greenville Sewer District*, 211 S. C. 77, 44 S. E. (2d) 88, 173 A. L. R. 397. He excepted to the ruling of the trial court that he could not attack the correctness of the tax assessment against Wright. His complaint, which was published in the opinion in the first appeal, was replete with allegations of errors in the assessment, which the court struck out on motion and agreeably to the answer thereabout.

Remedy for overassessment of sales taxes is provided by Sec. 65-1462 *et seq.* of the Code, and it exists in favor of the person against whom the taxes are assessed. Sec. 65-1465 forbids stay of collection by judicial process; and Sec. 65-1466, 65-1467, provide for payment under protest *by the person against whom the taxes are assessed and suit by him for* recovery. Whether necessary to accomplish the purpose we do not decide, but Sec. 65-1467 concludes as follows, which can leave no doubt of the exclusiveness of the remedy: "There shall be no other remedy in any case of the illegal or wrongful collection of the sales or use tax imposed by this chapter, or attempt to collect such taxes, than that provided in this section."

The exclusive remedy thus provided was available only to Wright. *DeSoto Gold Mining Co. v. Smith*, 49 S. C. 188, 27 S. E. 1, 2; *Bomar v. City of Spartanburg*, 181 S. C. 453, 187 S. E. 921, 927. In the opinion in the first cited case it was said: "We cannot extend this right to any other person than such listed owner, no matter

how strongly the equities may appeal to us. The legislature has so written its will in this matter, and we cannot go beyond such expressed will"; and in the last: "In no department of its government is the sovereign power more jealous of its rights and more tenacious of its sovereignty than in the Revenue Department, and especially the taxing branch of that department."

The order under appeal is reversed and the case is remanded for entry of judgment in favor of appellant.

Reversed.

TAYLOR, OXNER and LEGGE, JJ., and T. B. GRENEKER, A. A. J., concur.