18621

G. F. STANLEY and John Stanley, by his Guardian *ad Litem,* G. F. Stanley, Appellants, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Respondent.

(153 S. E. (2d) 687)

*Holland Smith, Esq.,* of Hampton, *for Appellants,*

*Messrs. Daniel R. McLeod, Attorney General,* and *C. T. Goolsby, Jr., Assistant Attorney General,* of Columbia, *for Respondent,* cite:

March 16, 1967.

LEWIS, Justice.

This action was brought against the State Highway Department to recover damages sustained in an intersectional automobile collision which allegedly resulted from the obstruction of plaintiff's view at the intersection by underbrush which the Highway Department permitted to grow on the untraveled portion of its right of way. The sufficiency of the complaint to state a cause of action against the Highway Department, based upon such obstruction of view, was challenged by demurrer which the lower court sustained, and plaintiff has appealed.

The basic question for decision is whether the complaint alleges a cause of action against the State Highway Department for damages growing out of an accident at a highway intersection on the ground that it failed to cut underbrush which obstructed the view at the intersection.

The complaint alleges than on July 3, 1964 the plaintiff was driving his father's automobile west on an unimproved county road that intersects State Highway No. 363 near Hampton, South Carolina; and, after stopping at a stop sign located on the county road, drove into the intersection where he collided with another automobile that was proceeding in a northerly direction on Highway 363, sustaining the injury and damage for which recovery is sought. It is further alleged that the Highway Department permitted thick underbrush to grow on its right of way at the intersection so as to obstruct the view of travelers using the intersection and thereby created an inherently dangerous situation.

Liability of the Highway Department is based upon allegations that the collision and resulting damage to plaintiff was proximately caused by the negligence of the department (1) in failing to adequately warn users of the highway of the alleged inherently dangerous situation at the intersection and (2) in allowing thick underbrush to grow on its right of way so as to prevent travelers using the intersection from adequately observing oncoming traffic.

This action is brought under the provisions of Section 33-229 of the 1962 Code of Laws, which grants permission to sue the State Highway Department, a branch of the State government, and sets forth the basis of its liability. This section is as follows:

"Any person who may suffer injury to his person or damage to his property by reason of (a) a defect in any State highway, (b) the negligent repair of any State highway or (c) the negligent operation of any vehicle or motor vehicle in charge of the State Highway Department while such vehicle or motor vehicle is actually engaged in the construction or repair of any such highways or while otherwise being operated on official business of the Department may bring suit against the Department for the actual amount of such injury or damage, not to exceed * * *."

There are no allegations that plaintiff's damage resulted from the negligent repair of any State highway or the negligent operation of any vhicle in charge of the Highway Department, so our inquiry is confined to a determination of whether, under the present complaint, the failure of the Department to cut the underbrush obstructing the view at the intersection constituted a defect in the highway within the meaning of the foregoing statute.

Since the statute waives the State's immunity from tort liability in the designated instances, it must be strictly construed. *Fann v. State Highway Department,* 167 S. C. 84, 165 S. E. 785.

The statute does not define a defect in the highway and it is difficult to formulate a rule that may be applied in all cases to precisely define the limits to such liability of the State Highway Department. Each case must of necessity be governed by the particular facts and circumstances existing at the time. However, certain general principles have been established with regard to the Department's duty to maintain the highways in a safe condition for travel.

We have held that the liability imposed on the Highway Department, under the foregoing statute, does not make the Department an insurer of the safety of travelers over its highways, but requires that it keep the highways in such physical condition that they will be reasonably safe for travel, and that it maintain sufficient signs and warnings as may enable users thereof, exercising due care, to avoid injury to themselves and others. *Burnett v. City of Greenville,* 106 S. C. 255, 91 S. E. 203; *Taylor v. South Carolina State Highway Department,* 242 S. C. 171, 130 S. E. (2d) 418.

The liability for injury to a motorist from a defect in the highway has been construed to impose a duty on the Highway Department to guard against defects outside the traveled or improved portion of the roadway, including objects overhanging the right of way, if their prox-

imity to the improved portion of the roadway renders it probable such defects will result in injury to the users thereof, exercising due care. *Inabinett v. State Highway Department,* 196 S. C. 117, 12 S. E. (2d) 848; *Bunton v. South Carolina State Highway Department,* 186 S. C. 463, 196 S. E. 188.

The broad general rule may therefore be deduced from our cases that a defect in a highway, within meaning of the statute, is any physical condition of the improved portion thereof, or the existence of such condition on or overhanging the right of way, which makes the use of the improved portion of the highway unsafe and dangerous to a traveler exercising due care.

The complaint alleges no defect or obstruction in the traveled portion of the State highway or that there was any condition existing therein that in any way affected the normal operation of vehicles over it. The plaintiff simply alleges that as he approached the intersection from a county road he stopped in obedience to a stop sign, that he could not see because of the underbrush, and drove into the intersection into the path of an oncoming vehicle traveling on the State highway. There is no allegation in this complaint from which the inference could be drawn that the growth of underbrush outside of the traveled roadway made the portion of the State highway maintained for travel unsafe and dangerous to a traveler exercising due care. Under these allegations, the growth of underbrush on the right of way did not constitute a defect in the State highway within the meaning of the statute under which this action is brought.

The foregoing conclusion is sustained by the decisions in other jurisdictions. See text and cases cited in: 25 Am. Jur., Highways, Section 500 (including Cumulative Supplement); 4 Blashfield Automobile Law and Practice, Section 163.13; and Annotation: 42 A. L. R. (2d) 817.

From a review of the cases, the annotator concludes in the cited annotation from 42 A. L. R. (2d) as follows:

"The authorities appear to be in accord that in the absence of a statute creating such liability, a muncipality or other governmental unit is not liable. for damage growing out of an accident at a highway intersection or railroad crossing on the ground that it failed to cut weeds, brush, or other vegation obstructing or obscuring the view at the intersection or crossing, or to require that it be cut."

The demurrer to the complaint was properly sustained and the judgment of the lower court is accordingly affirmed.

Moss, C. J., Bussey, J., and Lionel K. Legge and George T. Gregory, Jr., Associate Acting Justices, concur.