18695

John Henry CHILTON, as Administrator of the Estate of Ronnie
Chilton, Respondent, v. The CITY OF COLUMBIA, Appellant
(156 S. E. (2d) 419)

*Messrs. John W. Sholenberger* and *Roy D. Bates,* of
Columbia, *for Appellant,*

*Messrs. Gary Paschal, Dallas D. Ball* and *Luther M. Lee,* all of Columbia, *for Respondent,*

*Messrs. John W. Sholenberger* ·and *Roy D. Bates,* of Columbia *for Appellant, in Reply,*

August 23, 1967.

Lewis, Justice.

This appeal concerns the liability of the defendant, City of Columbia, for the death of plaintiff's intestate, Ronnie Chilton, a three year old child, who, while playing with

other children on a street embankment, fell into a hole or ditch on the street right of way and drowned. The matter was here on a prior appeal involving the sufficiency of the pleadings against demurrer. *Chilton v. City of Columbia,* 247 S. C. 407, 147 S. E. (2d) 642.

The child was drowned in a hole which had apparently washed out in a ditch located at the extreme edge of the street right of way near the intersection of Calhoun and Williams Streets in the City of Columbia. The hole was nineteen (19) feet from the paved portion of Calhoun and thirty-seven (37) feet from the paved portion of Williams, at the foot of an embankment approximately ten (10) feet below the elevation of the paved street. The improved portion of Calhoun Street consisted of the pavement and an unpaved shoulder, five (5) feet wide. The street embankment dropped off from the outer edge of the unpaved shoulder to the ditch or hole in which the child was drowned. The hole was about four (4) feet deep, had existed for a considerable period, and was full of water at the time.

On the occasion in question, the deceased, with three other children, the oldest of whom was eight years of age, crossed Calhoun Street and began playing on the street embankment. While running down the embankment, the deceased slipped on a brick near the foot of the incline, fell into the hole or ditch, and drowned.

This action was subsequently brought against the City under Section 47-70 of the 1962 Code of Laws to recover for the alleged wrongful death of the child. This statute permits an action against a municipality by "[a]ny person who shall receive bodily injury or damages in his person or property through a defect in any street, causeway, bridge or public way or by reason of a defect or mismanagement of anything under control of the corporation within the limits of any city or town."

Recovery was sought upon the theory that the ditch or hole in question constituted a defect in the street within the

meaning of Section 47-70 and that the City was negligent in failing to provide adequate safeguards to protect children, who frequented the area, from falling therein.

Upon the trial of the case, the City having moved, unsuccessfully, for a nonsuit and directed verdict, the issues were submitted to the jury, resulting in a verdict for the plaintiff. Following rendition of the verdict, motions for judgment notwithstanding the verdict and, in the alternative, for a new trial where made and refused, from which the City has prosecuted this appeal.

While other questions are presented by the exceptions, we find it necessary only to consider those which charge error in the refusal of the motion for a directed verdict. These present the question of whether, under the foregoing facts, there was any evidence to sustain liability of the City, under Section 47-70, for a defect in the street.

This statute, insofar as applicable here, places liability upon the municipality where injury was caused by negligence through a defect in the street.

We stated in *Stanley v. South Carolina State Highway Department,* S. C., 153 S. E. (2d) 687, that a defect in the highway or street, within the meaning of such statutory provisions, "is any physical condition of the improved portion thereof, or the existence of such condition on or overhanging the right of way, which makes the use of the improved portion of the highway unsafe and dangerous to a traveler exercising due care."

Applying the foregoing principles to this case, we do not think that there is any evidence to sustain the conclusion that the ditch or hole constituted a defect in the street so as to impose liability under the statute.

There is no evidence of any defect in the portion of the street maintained for vehicular or pedestrian travel, or in any area of the right of way which the public was impliedly invited to use. Neither is there any showing that the ditch or hole was located in such close proximity to the portion of

the street maintained for travel as to constitute a danger or hazard to those using the street in the exercise of due care.

The fall of the deceased did not result from any use of the improved portion of the street, either for travel or play. Instead, he had left the traveled portion and was running up and down the street embankment where, in the process, he slipped on a rock and fell into the ditch which was located nineteen (19) feet from the pavement and approximately fourteen (14) feet from the outer edge of the unpaved shoulder.

Under these circumstances, the trial judge was in error in refusing the City's motion for a directed verdict.

Reversed and remanded for entry of judgment for defendant.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.