## 10500

### MULLINAX v. HAMBRIGHT.

(104 S. E. 309.)

1. HIGHWAYS—COUNTY COMMISSION NOT SUBJECT TO ACTION FOR TORT. —A county highway commission, being a governmental agency, is not subject to action for tort.

2. EMINENT DOMAIN—DENIAL OF ACTION FOR DEATH NOT TAKING OF PROPERTY.—No taking of property without just compensation is involved in a holding that an action for death cannot be maintained against a county highway commission; the action being against a governmental agency for tort.

3. DEATH—NO ACTION FOR INJURY BY GOVERNMENTAL AGENCY.—Civ. Code 1912, sec. 3955, giving right to maintain action for death, where, had death not ensued from the injury, the injured party could have sued for damages, giving an administrator no right of action, where the injury was caused by tort of a governmental agency, so that deceased could have maintained no action against it.

4. APPEAL AND ERROR—RESERVING RIGHT TO FURTHER DEMUR HARMLESS TO DEMURRANT, WHERE DEMURRER PROPERLY SUSTAINED.—Where demurrer to complaint is properly sustained on ground that the action could not be maintained against defendant, reserving the right to further demur, if error, is harmless.

Before MOORE, J., Cherokee, March, 1920. Affirmed.

Action by John Mullinax, as Administrator of the Estate of Charles Mullinax, Deceased, against J. B. Hambright *et al.*, Constituting the Cherokee County Highway Commis-

sion. From order sustaining a demurrer to the complaint, the plaintiff appeals.

The complaint was as follows:

"The plaintiff shows to the Court:

"First. That Chas. Mullinax, son of plaintiff, died intestate in Cherokee county, S. C., on June 17, 1919, and left surviving him, John Mullinax, his father; Fulton, Raymond, Lillian, and Victoria Mullinax, minors, brothers and sisters, and for whose benefit this action is brought. That on the 29th July, 1919, plaintiff was duly appointed administrator of the estate of Chas. Mullinax, deceased, and entered upon the discharge of the duties of his office as such.

"Second. That the defendants, J. B. Hambright, W. C Hambrick, and J. D. Jeffries, are all residents and citizens of Cherokee county, compose and constitute the Cherokee Highway Commission; that the defendants were and are now engaged in constructing highways, erecting houses, platforms, scaffolds, and other structures, using rock crushers, tractors, hauling rock and other material, and using other machinery and appliances in constructing said highways, using the convicts or chain gang of the county, in part, as laborers in their work.

"Third. That on the 17th day of July, 1919, in Cherokee county, while in duress and under the control and dominion of defendants, their agents and servants, and without freedom of will, who was a minor under 17 years of age, and while going about the duties imposed upon him by defendants, said Chas. Mullinax was, by the wilful, wanton, gross, and careless conduct of defendants, their agents and servants, killed; his body being lacerated, mashed, and ground into pieces by a scaffold, platform, or other wooden structure, negligently erected by defendants, their agents and servants, falling upon him.

"Fourth. That said Chas. Mullinax lost his life because said scaffold, platform, or structure was insecurely and improperly built, of light, faulty, and defective material,

overloaded with rock and rendered unsafe, over which said Chas. Mullinax had no control on account of his duress, no knowledge on account of his age, and was not given a safe place to work, but forced into an unsafe place to work, all of which was under the control of, known, or ought to have been known, by defendants, their agents and servants in charge, and said scaffold, platform, or structure fell, and Chas. Mullinax was killed on account of the wilful, reckless, and careless conduct of defendants, their agents and servants; and by the loss of a son and brother, plaintiff, and those whom he represents, have sustained a great loss, suffered much physical and mental pain and distress of mind and body, to their damage $10,000. That the defendants admit the killing of said Chas. Mullinax, but refuse, upon demand to do so, to compensate plaintiff and his children for the loss sustained, notwithstanding they have ample means to do so; plaintiff and his children being poor and without means.

"Wherefore, plaintiff demands judgment against the defendants, J. B. Hambright, W. C. Hambrick, and J. D. Jeffries, for the sum of $10,000, against Cherokee Highway Commission for $10,000 and the cost of the action."

The defendants demurred to the complaint, on the ground "that it does not state facts sufficient to constitute a cause of action, in that the said Cherokee County Highway Commission is a governmental agency, and cannot be sued for a tort, unless authority is expressly given by statute, the said Cherokee County Highway Commission having been clothed by the General Assembly of the State of South Carolina to issue bonds and construct improved highways in Cherokee county, and on the further ground that this action is brought against the Cherokee Highway Commission, there being no such body created by statute or otherwise; the correct name being the Cherokee County Highway Commission."

His Honor, the Circuit Judge, made the following order, sustaining the demurrer:

"After argument pro and con, it is ordered that the demurrer be sustained, in so far as the complaint attempts to state a cause of action against the Cherokee County Highway Commission, for the reason that the said commission is a governmental agency, and as such is not liable in action for tort in the absence of a statute so providing.

"In so far as the complaint purports to state a cause of action against the individuals composing the said Cherokee County Highway Commission, a decision is reserved until the testimony is out, and without prejudice to the rights of the defendants, 'to demur specifically to the complaint, on the ground that it fails to state facts sufficient to constitute a cause of action against the commissioners as individuals.' Further ordered that, notice of intention to appeal having been announced by the plaintiff's counsel, the cause be continued."

The appellant's exceptions are as follows:

"It is respectfully submitted that his Honor erred in sustaining the demurrer:

"First. When he held that plaintiff could not maintain an action of tort, for compensation for negligently and wilfully killing plaintiff's son, because defendant was a governmental agency; the error being that this would be in violation of the fourteenth amendment of the United States Constitution, which provides, 'Nor shall any State deprive any person of life, liberty, or property, without due process of law,' would deprive plaintiff of compensation for killing his son and render him remediless, violate article I, sec. 5 of the Constitution of South Carolina, and contrary to the statute law of the State.

"Second. When he held that the action was against the State of South Carolina, when he should have held that it was not against the State, but, if so, the State was not a necessary or indispensable party to determine plaintiff's rights, but should have held that Cherokee County Highway Commission was such a defendant, in view of the char

acter of the cause of action set out in the complaint, that it could be sued and judgment obtained for negligently and wilfully taking the property of plaintiff and his children.

"Third. When he reserved to the defendants the right to demur specifically to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action against the commissioners, as no such ground was stated in the demurrer served; was over the objections of plaintiff, erroneous, wrong, and prejudicial to plaintiff's rights in the cause."

*Mr. N. W. Hardin,* for appellant, cites: *"Due process" provisions:* Const. U. S., art. V; Const. 1895, art. I, secs. 5-17. *Federal Constitution supreme law:* 106 U. S. 196-200. *Breach of primary right in tort:* 221 U. S. 643; 55 L. Ed. 890. *Right to maintain action for wrongful death:* 1 Civ. Code, sec. 3955. *Probate Court can authorize administrator right to enforce the right which has been breached:* 60 S. C. 415. *Injury to property which deprives owner of ordinary use of it, is equivalent to taking and entitles him to compensation:* Cooley Const. Lim. (5th Ed.), p. 675. *Government subject to same duty:* 112 U. S. 645; 22 L. Ed. 846; 106 U. S. 261. *Government may be sued by patentee for its use and destruction of his inventions:* 12 Wall. 246; 128 U. S. 262; 156 U. S. 552. *Highway is not governmental agency:* 30 Stat. 260. *Suit is against commission itself:* 221 U. S. 648; 55 L. Ed. 896. *Individual cannot be deprived of his property without compensation on the theory that the real defendant is a State:* 167 U. S. 204; 188 U. S. 537; 221 U. S. 648.

*Messrs. Dobson & Vassy* and *Butler & Hall,* for respondents, cite: *In the Hopkins case the Court held that Clemson College could not take private property for its own private purposes without compensation, and liability for suit:* 77 S. C. 12; 221 U. S. 648; 55 L. Ed. 890. *No distinction between municipal corporations proper and quasi-corpora-*

*tions charged with public duties:* 20 S. C. 116; 44 S. C. 172; 68 S. C. 163; 89 S. C. 511.

October 11, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The complaint shows upon its face that the Cherokee County Highway Commission is a governmental agency. And the general proposition that a governmental agency is not subject to an action for tort is sustained by the following authorities: *Young v City Council of Charleston,* 20 S. C. 116, 47 Am. Rep. 827; *Triplett v. City of Columbia,* 111 S. C. 7, 96 S. E. 675, 1 A. L. R. 349.

The appellant's attorneys contend, however, that this principle is not applicable, for the reason that the action allowed by section 3955, Code of Laws 1912, is a property right and an asset of the estate, and that the denial of the right to recover damages in this action is, in effect, the taking of property without just compensation, in violation of the Federal and State Constitutions. That section is as follows: "Whenever the death of a person shall be caused by the wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case, the person or corporation who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."

The appellant's attorneys rely upon the case of *In re Estate of Mayo,* 60 S. C. 401, 38 S. E. 634, 54 L. R. A. 660, to sustain the proposition that the rights involved pertain to property; and upon the case of *Hopkins v. Clemson Agricultural College,* 221 U. S. 636, 31 Sup. Ct. 654, 55

L. Ed. 890; 35 L. R. A. (N. S.) 243, for the purpose of showing that the denial of the right of action is, in effect, a taking of property without just compensation. This Court, in the case of *Irvine v. Town of Greenwood,* 89 S. C. 511, 72 S. E. 228, 36 L. R. A. (N. S.) 363 (in which the action was for damages arising out of negligence on the part of the municipality, and failure to keep a street in proper repair, whereby a boy was killed), thus comments upon the last mentioned case:

"In *Hopkins v. Clemson College,* 77 S. C. 12, 57 S. E. 853, the question was whether Clemson College, a corporation created for a public purpose, was liable for overflowing plaintiff's land in constructing a dike to protect the crops on the college lands from the floods in the Seneca River. This Court held that the case fell within the rule laid down in *Gibbes v. Beaufort,* 20 S. C. 213; *Dunn v. Barnwell,* 43 S. C. 398; 21 S. E. 315, and the other cases decided in this State cited above, and that, therefore, the plaintiff could not recover. On appeal the Supreme Court of the United States reversed the judgment of this Court holding that the flooding of plaintiff's land was the taking of private property without due process of law, and that the taking was by the corporation itself for corporate purposes and not by its officers or agents. As we understand, it was on these grounds that the case was distinguished from *Gibbes v. Beaufort, supra,* and other like cases decided in this State. The doctrine of the decision, however, is not applicable to this case, for the reason that here there is no taking of private property by the corporation, but an injury resulting in death from the alleged failure of an employee of the municipality to perform the duties imposed on him by the municipality.

The case from which we quote shows that the case upon which the appellant relies is not applicable.

There is another reason why the demurrer was properly sustained. If death had not ensued, the cases cited in *Young v. City Council of Charleston, supra (Irvine v. Town of Greenwood, supra,* and *Triplett v. City of Columbia, supra)* show beyond question that plaintiff's intestate could not have maintained an action for damages against the defendant as it is a governmental agency. Section 3955 contains the provision that the act, neglect, or default must be such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof. It, therefore, necessarily follows that, as the action could not have been maintained against the defendant by plaintiff's intestate, it cannot be maintained by the plaintiff.

These conclusions dispose of the first and second exceptions.

The third exception cannot be sustained, as the ruling was not prejudicial to the rights of appellant.

Affirmed.