10706

MULLINAX v. HAMBRIGHT

(108 S. E. 187)

HIGHWAYS—COMPLAINT ALLEGING NEGLIGENCE BY HIGHWAY COMMISSION HELD SUFFICIENT.—A complaint alleging that deceased was killed on account of the willful and careless conduct of defendants, their agents and servants, and that the defendants constitute a highway commission, is good against demurrer, since defendants are liable for their wrongful or careless misconduct as such commissioners, even though they may not be liable for the acts of their employees.

Before TOWNSEND, J., Cherokee, November, 1920. Reversed.

Action by John Mullinax, as Admr., against J. B. Hambright et al., as Cherokee Highway Commission. From order sustaining a demurrer to the complaint the plaintiff appeals. For former appeal in this case see 115 S. C., 22.

*Messrs. N. W. Hardin* and *John Gary Evans,* for appellant, cite: *Master is liable for willful and malicious acts of his servants, done in the scope of his employment:* 26 Cyc., 1528; 13 S. C., 19. *Even though he did not participate in them or know of them, or even forbade them:* 13 S. C., 19; 37 S. C., 199; 68 S. C., 55; 69 S. C., 22; 74 S. C., 177; 74 S. C., 502; 75 S. C., 294; 76 S. C., 9; 92 S. C., 506; 85 S. C., 471; 93 S. C., 342. *Question of scope of employment is for jury:* 3 S. C., 8; 67 S. C., 398; 82 S. C., 546; 104 S. C., 286; 106 S. C., 20; 113 S. C., 522.

*Messrs. Butler & Hall* and *Dobson & Vassey,* for respondents, cite: *Commission created by* 30 *Stat.,* 266; 30 *Stat.,* 1086. *Liability of public officers:* 29 Cyc., 1445; 23 A. & E. Enc. Law, 382; 127 U. S., 507-17; 32 L. Ed., 203; 22 R. C. L., 487. *Relation of master and servant did not exist between deceased, a convict, and the Highway Commission:* 21 R. C. L., 1182.

August 1, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for death by wrongful act. The complaint alleges that the deceased was killed on account of the willful, reckless, and carless conduct of the defendants, their agents and servants, and that the defendants compose and constitute the Cherokee Highway Commission.

The defendants demurred to the complaint on the ground that the complaint did not state facts' sufficient to constitute a cause of action, in that the defendants are not liable for the negligence of subordinates engaged in the work. The demurrer was sustained.

The statute gives a right of action where death is caused by the wrongful act of another. It may be that on the trial it will appear that the death was caused, not by the negligence of the defendants, but by others for whose conduct

the defendants are not responsible. But the complaint alleges that the death was caused by the wrongful act of the defendants, and in so alleging stated a good cause of action.

The judgment appealed from is reversed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE COTHRAN (dissenting): The Circuit Judge in my opinion was entirely justified in sustaining the demurrer, and the order appealed from should be affirmed for the very clear and convincing reasons assigned by him.

It is conceded that a public servant or agent is responsible for his personal tort while engaged in the public service, or for the torts of his subordinates employed by or under him, when he has specifically directed, or personally co-operated in the negligent act which caused the injury and this regardless of the immunity of the governmental agency which he represents. The converse of this proposition is thus expressed by the authorities:

"It is a well-settled rule that a public officer is not responsible for the acts or omissions of subordinates properly employed by or under him, if such subordinates are not in his private service, but are themselves servants of the government, unless he has directed such acts to be done, or has personally co-operated in the negligence." 23 A. & E., 382.

In *Robertson v. Sichel,* 127 U. S., 507; 8 Sup. Ct., 1286; 32 L. Ed., 203, the Court declares:

"A public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him in the discharge of his official duties."

In 29 Cyc., 1445, it is said:

"Public officers are not, as a general rule, liable for the acts of subordinates, even where such subordinates are em-

ployees rather than officers, except where the negligence of such subordinates is attributable to the superior."

In 22 R. C. L., 487:

"Public officers and agents of the government are not liable for the acts or defaults, negligence, or omissions of subordinate officials in the public service, whether appointed by them or not, unless they direct the act complained of to to be done, or personally co-operate in the negligence from which the injury results. Where the subordinates have been appointed by them it is sufficient if they have employed trustworthy persons of suitable skill and ability, and have not been negligent in selecting such subordinates."

The liability of the Highway Commissioners, public officers and servants, is therefore exceptional; and if the plaintiff should desire to fix liability upon them it is essential that he bring himself within the exceptions, which he has utterly failed to do.

The allegation in the complaint that the tort was committed by the "defendants, their agents and servants," is not a charge of direct negligence on the part of the defendants, but is plainly an effort to hold them liable for the tort of their "agents and servants;" this is necessarily the effect taken in connection with the act creating the commission, as will appear.

The office of a County Highway Commissioner, created by an Act establishing such a commission for the purpose of financing and directing in a general way the work of highway improvement, usually under a bond issue, is a patriotic and gratuitous service undertaken at a personal sacrifice. Few men would be found willing to accept it with a burden such as the plaintiff proposes to place upon it; the personal responsibility of the officer for any act of negligence committed by a subordinate.

Judicial cognizance is taken of the Act creating the Cherokee County Commission; the duties of the commission are entirely supervisory; the actual work is directed to

be done "by and through its engineers and other officers employed by it." It would be anomalous to hold, as this Court held upon the former appeal (115 S. C., 76; 104 S. E., 309), that the commission cannot be held liable for the alleged tort, and now to hold that the individual members of that commission may be, in the absence of an allegation that they directed or co-operated in the act which resulted in the injury, and in the face of the statute which requires that the work be done by others.

In the case of *Vermillion v. College,* 111 S. C., 156; 97 S. E., 619, the Court held that a charitable corporation, from motives of public policy, could or would not be held liable for its corporate negligence; a greater reason, it appears to me, exists for extending immunity to these faithful servants, men usually selected for their high business ability and patriotic disposition engaged in a gratuitous and thankless service.

The plaintiff is not left without remedy; those who caused the injury are legally responsible. If they are not financially responsible, it is but the common misfortune of having a penniless debtor; it is no justification for making him pay who can, regardless of his culpability.