14077

TERRELL v. CITY OF ORANGEBURG

(180 S. E., 670)

*Mr. L. A. Hutson,* for appellant,

*Messrs. Sims & Sims,* for respondent,

June 4, 1935.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is an appeal from an order sustaining demurrer to complaint of plaintiff-appellant, on the ground that it does not state a cause of action. The complaint contains 15 paragraphs; but briefly, the material allegations therein contained are as follows:

The defendant is a municipal corporation. It keeps and maintains a water plant to supply its needs and that of citizens. On April 12, 1933, it had several of its employees watering shrubbery and washing and cleaning out a large pool and fountain in a small park located in the heart of the business section of defendant, and that in order to obtain the water, a large hose was attached to and connected with a hydrant on the side of the sidewalk and stretched across the sidewalk to the park; that after the water was cut off, the hose became flat and lay flat on the sidewalk, and was allowed to remain upon and across the sidewalk, without warning of any kind to those using the street of its presence, the hose thus left lying across the sidewalk rendering the street or sidewalk in an obstructed, dangerous, unsafe, and defective condition; that defendant, on many occasions prior to this occasion, when it had procured water from the same hydrant to water shrubbery and wash and clean out the pool and fountain in the same park, had allowed the hose to remain attached to the hydrant after the water had been cut off, and the danger of so doing had been called to its attention. That plaintiff, while walking on the sidewalk, struck his foot against the water hose attached to the hydrant and was tripped by and fell over the hose, thrown to the ground, and seriously injured, and the injuries to plaintiff are set forth in detail. Plaintiff also alleged in his complaint that his injuries were not occasioned by his own negligent act, or that he negligently contributed thereto.

The statute which enables one to bring suit against a municipal corporation is Section 7345, Code 1932; so much thereof as is necessary to a decision of this case being as follows:

"Any person who shall receive bodily injury, or damages in his person or property, through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under control of the corporation within the limits of any town or city, may recover, in an action against the same, the amount of actual damages sustained by him by reason thereof. [Irrelevant sentence omitted.] Provided, The said corporation shall not be liable unless such defect was occasioned by its neglect or mismanagement:

"*Provided, further,* Such person has not in any way brought about any such injury or damage by his  *  *  * own negligent act or negligently contributed thereto."

Clearly the defendant was not engaged in repairing its streets, so the only question is, Did the water hose left lying upon and across the sidewalk from time to time, after notice to the defendant of the danger in so doing, and on the occasion plaintiff alleged he was injured, constitute a defect in the street in contemplation of the statute?

In *Reeves v. City of Easley,* 167 S. C., 231, at page 235, also reported in 166 S. E., 120, 121, Mr. Justice Bonham, writing the opinion of the Court, had this to say, and in which the writer hereof fully concurs:

"There are two lines of cases in the construction of this statute and the kindred one affecting counties. The one standing for a strict compliance with the provisions of the enabling statute, and the other for a more liberal interpretation and application. Apparently no effort has ever been made to reconcile these differences of opinion, and hence there are the two lines of apparently irreconcilable cases.

"Which of them is founded in reason and is upheld by the authority of the statute?"

Mr. Justice Bonham then proceeded to exhaustively and most ably and painstakingly review the cases construing this statute, and we do not hesitate to quote from this opinion (quoting) : "It is the established law of this state that a city, being an integral part of the sovereignty of the

state, may not be sued in tort, except in such cases as the right of action is expressly given by statute, and in such cases as are protected by the provisions of Article 1, § 17, of the Constiution to the effect that: 'Private property shall not be taken for private use without the consent of the owner, nor for public use without just compensation being first made therefor.' When a statute gives a right of action against the state, county, or city, or other subdivision of the sovereign authority, it is the rule of the law that such statute must be strictly construed. 'This Court has held that an * * * act * * * in derogation of the sovereign power of the state, must be strictly construed.' *Ancrum v. State Highway Department,* 162 S. C. [504], 507, 161 S. E., 98, 99."

After a thorough review of the cases construing and interpreting the enabling statute, the Court held in the *Reeves case* that a strict, rather than liberal, interpretation of said statute should be given it by the Court, and in defense of this position, if it needed any defense, had this to say in conclusion:

"This is a hard case, a worthy young man has been grievously hurt, while in the performance of a public duty. Naturally one's sympathy is for him. Unfortunately, we, who are charged with declaring the law as it is written, may not permit our sympathies to have sway with us in the performance of this duty. Mr. Associate Justice Hydrick, in the *Triplett case* [(*Triplett v. City of Columbia*) 111 S. C., 7, 96 S. E., 675, 1 A. L. R., 349], said:

" 'Where an individual has suffered injury as the result of a wrong done, natural justice calls for some remedy, and the Courts have ever been alert to provide one; hence the boast of the law, which is often pressed upon the attention of Courts, that for every wrong there is a remedy. But there is another axiom of practical wisdom equally important to be observed—*hard cases make bad law.* (Italics added.) Not infrequently the hardship of a particular case leads to the strained, if not incorrect, application of sound

principles to fit the facts, so as to afford a remedy; and, when the same principles are invoked in similar cases, it is discovered that they lead to results that are exceedingly inconvenient, if not so illogical that they cannot be justified on settled principles of legal liability. * * *

" 'The Courts are not invested with the power to make laws. They should and do keep pace with the progress and development of society by the application of settled principles to new relations and conditions, but in doing this the point ·is sometimes reached when the power of the Court ends and the duty of the legislature begins.'

"If the state desires to surrender for itself and its subdivisions immunity from suit, beyond the degree in which its sovereignty has been abrogated, it has the proper channel through which to accomplish its purpose, viz.: the legislative branch of the government. Certainly it is wholly without the province of the Courts to extend that immunity."

In *Jackson v. City of Columbia,* 174 S. C., 208, 177 S. E., 158, 160, 161, quoting from the case of *Davis v. City of Greenville,* 168 S. C., 476, 167 S. E., 682, 683, involving the interpretation of the word "repair" as used in the statute, the Court, after setting forth the definition given by Webster's New International Dictionary of the word "repair," had this to say: "This is the ordinary common-sense meaning of the word, and it is only fair to the lawmakers to credit them with the intention to give it that meaning when they enacted the law. In short, the relation in which it is used in the context can leave no doubt that it was so intended."

A strict interpretation of the word was then applied.

But as hereinbefore stated, this case involves the interpretation to be given the word "defect" as used in the statute. Webster's New International Dictionary gives this definition of "defect": "Want or absence of something necessary for completeness or perfection; deficiency;— opposed to excess. Failing; fault; imperfection, whether

physical or moral; blemish; as, a defect in the ear or eye; a defect in timber or iron; a defect of memory or judgment."

In view of the definition of the word "defect" and ██ the decision of the Court in the *Reeves, Davis* and *Jackson cases, supra,* notwithstanding the case of *Caston v. City of Rock Hill,* 107 S. C., 124, 92 S. E., 191, and other cases decided prior to the *Reeves* and *Jackson cases,* the writer would have difficulty in reaching a conclusion in the case at bar whether the leaving of a water hose attached to a hydrant and extended across and lying flat upon a sidewalk, after the defendant had been warned of the danger of so doing, created or constituted a defect in the street. However, in view of the case of *Heath v. Town of Darlington,* first appeal reported 171 S. C., 196, 171 S. E., 916, second appeal reported 175 S. C., 127, 177 S. E., 894 (Advance Sheets), in which the Court definitely holds in the last opinion, "The general rule in this country is that municipalities which have full and complete control over the streets and highways within their corporate limits are liable in damages for injuries sustained in consequence of their failure to use reasonable care to keep them in a reasonably safe condition for public travel," quoting from 13 R. C. L., 310, and "the rule of liability of a city or municipality for injury resulting from conditions in the streets is not confined to cases of obstructions upon the surface of the street, for overhead signs or other objects may be as dangerous as an obstruction upon the surface, because they are not likely to be observed and avoided," taken from annotation to the case of *Shawnee v. Bennett,* 45 A. L. R., 800, we have no doubt but that the situation created by defendant, according to the allegations of the complaint, which, of course, for the purpose of demurring, were admitted by defendant, constituted a defect in the street, and that the complaint therefore alleged a cause of action.

Order sustaining demurrer is reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE, concur.