## 18176

S. Howard JONES, Appellant, v. Lillian H. JONES *et al.*, of which South Carolina State Hospital is, Respondent

(135 S. E. (2d) 233)

*S. Howard Jones, Esq.,* of Sumter, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *James S. Verner* and *B. B. Dunlap, Assistant Attorneys General,* of Columbia, *for Respondent,*

March 6, 1964.

BUSSEY, Justice.

Appellant brought an action against his own wife, the Probate Judge of Sumter County, two Sumter physicians, two Richland County Health Officers, Dr. Hall (Superintendent of the South Carolina State Hospital), four·staff physicians of the hospital, and South Carolina State Hospital, as defendants.

The appellant alleges numerous tortious acts by the various defendants against the appellant, including a conspiracy to unlawfully arrest and incarcerate him in the hospital, subjecting him to shock and other treatments, against his will, and depriving him of personal and property rights

on the contention that appellant was mentally ill, when such was not true.

The Attorney General, on behalf of the South Carolina State Hospital, demurred to the complaint on the grounds that: (1) such defendant was an integral part of the State government, its functions being public and governmental and, as such, it was immune to a suit in an action *ex delicto;* (2) that such defendant was not a legal entity but only a facility of the State under the direction and control of the Mental Health Commission which itself, as a part of the sovereign, was immune to such a suit, such immunity having not been surrendered or waived by the State.

The circuit judge sustained the demurrer on the ground that the South Carolina State Hospital was a subdivision of the State government and could not be sued in the absence of waiver of immunity, but did not pass upon whether said defendant was or was not a legal entity.

The exceptions of the appellant raise several questions, but, for the most part, they do not reach or touch upon the vital issue in the case, making it unnecessary for us to discuss all the questions raised.

It is unnecessary for us to decide whether or not South Carolina State Hospital is, or is not, a legal entity which can be sued, since this issue was not passed upon by the lower court. Assuming for the sake of argument, however, that it is such a legal entity, the lower court correctly decided that it is immune from suit in this action *ex delicto*. It is clear that it is a public institution operated by the State of South Carolina under the Constitution and laws of the State to provide and care for the mentally ill. It is clearly nothing more than an agency, instrumentality or subdivision of the State government itself and, hence, cannot be sued in an action in tort in the absence of express legislative consent. This rule of law is elementary in South Carolina, as well as in most other jurisdictions, and is fully discussed in *Brooks v. One Motor*

*Bus,* 190 S. C. 379, 3 S. E. (2d) 42, wherein the Court said, *inter alia,*

"In this state neither the commonwealth nor any of its political subdivisions is liable in an action *ex delicto* unless made liable by express enactments of the general assembly, except where the acts complained of, in effect, constitute a taking of private property for public use without just compensation."

In this connection see also, *Rice Hope Plantation v. South Carolina Public Service Authority,* 216 S. C. 500, 59 S. E. (2d) 132; *Mullins Hospital v. Squires,* 233 S. C. 186, 104 S. E. (2d) 161.

The appellant points to no enactment of the legislature, and we are certainly aware of none, whereby immunity of the sovereign is waived and the respondent here made liable in an action of this kind. He does not contend that any of his property has been taken for public use without the payment of just compensation, in violation of Article I, Section 17 of the Constitution, but does contend that he was deprived of his liberty and property rights without due process of law, in violation of Article I, Section 5 of the Constitution.

He argues that since the Constitution provides for the payment of just compensation upon the taking of private property for public use, the sovereign should not be immune from liability for the payment of compensation, upon the taking by the sovereign of one's liberty, and incidental interference with or deprivation of one's property rights, without due process of law. The property rights which the appellant alleges he was deprived of were the ability to work, contract, and attend to business during the period of his confinement and the required payment of a portion of the expense of his confinement and treatment.

The appellant cites no authority in support of this contention and we think the simple answer thereto is that the

Constitution itself expressly provides for the payment of compensation in the event of the taking of private property for public use, but makes no provision for compensation by the sovereign in a case where a citizen might, without due process of law, be deprived of liberty, whether or not, incidental to the deprivation of such liberty, one be deprived of any property right, such not being taken for public use.

Appellant argues that since some portion of the expense of his confinement and treatment was required to be paid by him, the operation of the hospital by the State is a proprietary rather than a governmental function. This argument avails him nothing for the simple reason that with respect to liability in actions *ex delicto,* no distinction is recognized in this state between governmental and proprietary functions of the sovereign. See *Mullins Hospital v. Squires, supra.*

For the reasons herein set forth, we conclude that the circuit judge properly sustained the demurrer.

Affirmed.

TAYLOR, C. J., and Moss, LEWIS and BRAILSFORD, JJ., concur.