## 20886

Edna T. TEAGUE, Appellant, v. CHEROKEE COUNTY MEMORIAL HOSPITAL, Respondent.

(252 S. E. (2d) 296)

*Roger L. Couch* of *Henderson, Lister, Couch & Brandt,* Spartanburg, *for appellant.*

*Louis P. Howell* of *Ward, Howell, Barnes, Long, Hudgens & Adams,* Spartanburg, *for respondent.*

February 14, 1979.

RHODES, Justice:

This action arose out of an injury which occurred at the Cherokee Memorial Hospital on or about January 8, 1976. The appellant, while visiting a relative in that hospital, attempted to descend the stairs when the heel of her shoe caught in a hole, causing her to trip and fall down the flight of stairs.

This action was originally initiated as an action in negligence and after a demurrer was sustained on the gruond of governmental immunity, the action was repled as one in nuisance. The lower court once again sustained defendant's demurrer and held that the allegations of plaintiff's complaint sought redress for a personal tort, or a private nuisance, unrelated to any interest in the use and enjoyment of land and therefore barred her from recovery under governmental immunity. We affirm.

There is no dispute as to the hospital's status as a governmental institution, which would entitle it to sovereign immunity if applicable to the facts of this case.

It has long been the settled law of this state that institutions such as Cherokee Hospital are immune from liability for the negligence of their agents or servants and, except as expressly permitted by statute, an action in tort cannot be maintained against them. *Mullins Hospital v. Squires,* 233 S. C. 186, 104 S. E. (2d) 161 (1958). *See also Mullinax v. Hambright,* 115 S. C. 22, 104 S. E. 309 (1920). In light of this doctrine of governmental immunity, the appellant fashioned her pleadings on allegations that the hole in the hospital's public stairs constituted a "nuisance" and that she was injured as a result of this nuisance, which was known or should have been known to the defendant hospital by reason of its responsibility for maintenance.

There is authority for the proposition that a governmental body, though otherwise immune from liability, loses that immunity if the danger which caused the harm is in fact a nuisance. *Kneece v. City of Columbia,* 128 S. C. 375, 123 S. E. 100 (1924). Much reliance is placed by appellant on the case of *Peden v. Furman University,* 155 S. C. 1, 151 S. E. 907 (1930), which, although an action against a charitable institution, allowed plaintiff to recover for nuisance. However, in both cases, the door to immunity was opened only for property damages resulting from the alleged nuisance.

In no case which has come to our attention, have we held a governmental institution liable for personal injuries resulting from a nuisance except where expressly authorized by statute as in the case of a defect in streets. The refusal to extend the nuisance exception to the rule of governmental immunity to allow recovery in cases of injury or death has been followed in other jurisdictions. This position, while admittedly the minority view, is correctly stated to be consistant with the basic rationale upon which the nuisance exception originated; namely as an action to recover for interference with the use or enjoyment of rights in land. Prosser, Private Action for Public Nuisance, 52 Va. L. Rev. 998-999 (1966); 5 Clev.-Mar. L. Rev. 148, 154 (1956); 58 Mich. L. Rev. 598 (1960); Annot. 56 A. L. R. (2d) 1416, 1422 (1957). The advantage of this position is indicated by the confusion and inconsistency resulting in jurisdictions which have allowed tort actions for personal injuries caused by a public nuisance. *See,* Prosser, *supra,* at 999.

Because the lower court dismissed appellant's action on the stated ground that her allegations sounded in private nuisance or a personal tort, she now argues that her complaint was in public nuisance and that recovery is warranted under this theory because her injuries were distinct from any injuries suffered by the public as a whole. It is patent that the styling of appellant's complaint in nuisance is merely an attempt to circumvent the bar of governmental immunity by giving the negligent act another name.

Even if the condition of the hospital stairs arose to the dignity of a nuisance, either public or private, which is tenuous at best, the basis of appellant's claim would still have to rest upon the negligence of the hospital and would require suing the hospital in a tort action, which would find no authorization under our statutes. *See* Prosser, *supra,* at 1003-1005.

We have traditionally adhered to the principle that legislative action is required to make a governmental institution responsible for personal injuries caused by negligence of its servants, agents, or employees. The legislature has already reformed the rule of liability for county hospitals in this respect by the passage of § 44-7-50 which removes the bar of governmental immunity from such hospitals for personal injuries occurring after June 10, 1977. Under this statute, the legislature provided that the doctrines of charitable and sovereign immunity would not apply to a claim for personal injuries sustained ". . . by reason of the tortious act of commission or omission of agents, servants, employees or officers of a charitable hospital or medical facility or of a hospital or other medical facility operated or funded by the State, its agencies, departments, institutions, commissions, boards or political subdivisions . . . ."

Unfortunately, the date of the injury sustained by the appellant in the present case occurred prior to the effective date of this statute. Under these circumstances, we conclude that appellant was without a remedy under the stated posture of this case.

We accordingly hold that respondent's demurrer was properly granted and, in view of the above, the trial judge did not abuse his discretion in dismissing the action with prejudice.

Affirmed.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting) :

I dissent based upon my views expressed in *Boyce v. Lancaster County Natural Gas Authority,* 266 S. C. 398, 223 S. E. (2d) 769 (1976) and *Lyon et al. v. City of Sumter,* W. Va. 1979, 252 S. E. (2d) 118.

I would reverse.