276 S.C. 381 (1981)
280 S.E.2d 49
Carl BELUE, Appellant,
v.
The CITY OF SPARTANBURG, Taylor Blalock, Lloyd Cantrell and Henry Dupre, Commissioners of the Public Works of Spartanburg and the Spartanburg Water Works, Respondents.
21470
Supreme Court of South Carolina.
June 1, 1981.
*382 Claude R. Dunbar, Spartanburg, for appellant.
Thomas W. Whiteside, Spartanburg, for respondents.
June 1, 1981.
LITTLEJOHN, Justice.
In this action Carl Belue, plaintiff (landowner), alleges that he is entitled to money damages against the defendants, City of Spartanburg and its Water Works Department, because the City's water main burst, flooding his property and damaging it. He seeks recovery on three theories:
(1) Damage to his property was a taking within Article I, § 17, of the South Carolina constitution;
*383 (2) The bursting water main and subsequent damage to his property constituted a nuisance, and/or
(3) The bursting water main and subsequent damage was caused by City's negligence in maintaining the water main.
The defendants demurred, asserting that the complaint failed to state a cause of action entitling the landowner to recover money damages. The trial court sustained the demurrer. The landowner has appealed.
We agree with the lower court which held that the allegations of the complaint are directly repugnant to the longstanding rule of sovereign immunity based on a long line of decisions in this state, including Boyce v. Lancaster County Natural Gas Authority, 266 S.C. 398, 223 S.E. (2d) 769 (1976); Hicks v. City of Columbia, 225 S.C. 553, 83 S.E. (2d) 199 (1954); Furr v. City of Rock Hill, 235 S.C. 44, 109 S.E. (2d) 697 (1959); and a more recent case of Teague v. Cherokee County Memorial Hospital, 272 S.C. 403, 252 S.E. (2d) 296 (1979). The plaintiff is not entitled to recover on the basis of alleged nuisance or negligence.
We are of the opinion that the lower court correctly held that the flooding of the landowner's property was not a taking of private property for public use as contemplated by the constitution. Although not advanced as the basis for the holding, to constitute a valid cause of action for an unconstitutional taking of property, the complaint must allege a positive, affirmative, aggressive act on the part of the municipality. Kline v. City of Columbia, 249 S.C. 532, 155 S.E. (2d) 597 (1967). Here, the complaint fails.
The allegations do not bring the action within § 5-7-70, Code of Laws of South Carolina (1976), which permits an action to be brought based upon a defect in a street.
*384 Accordingly the trial court properly sustained the demurrer.
Affirmed.
LEWIS, C.J., and GREGORY, J., concur.
NESS and HARWELL, JJ., dissent.
NESS, Justice (dissenting):
I dissent. Appellant Carl Belue appeals from an order sustaining respondents' demurrers to his complaint. I concur with that portion of the majority opinion sustaining the demurrers to his causes of action for the taking of private property and nuisance, and would reverse that portion sustaining the demurrer to his negligence cause of action.
Appellant's complaint alleged he was entitled to money damages because respondents' water main burst, flooding his store and ruining his merchandise. He sought to recover under three theories of liability:
(1) The damage to his property was a taking within Article I, § 17 of the S.C. Constitution;
(2) The bursting water main and subsequent damage to his property constituted a nuisance; and/or
(3) The bursting water main and subsequent damage was caused by respondents' negligence in maintaining the water main.
Respondents demurred asserting the complaint failed to state a cause of action entitling appellant to recover money damages. The trial court sustained the demurrers.
Appellant asserts the trial court erred in sustaining the demurrer to his negligence cause of action because the doctrine of sovereign immunity is not applicable. I agree.
Ordinarily under present case law the doctrine of sovereign immunity would bar appellant's negligence claim. However, sovereign immunity affords an entity protection when it is *385 engaged in governmental functions, not when it is involved with commercial ventures. The selling of water is a proprietary venture, and when it is done in a negligent manner, the doctrine of sovereign immunity should not protect the commercial wrongdoer. See: Mosseller v. City of Asheville, 267 N.C. 104, 147 S.E. (2d) 558 (1966); Rubino v. City of Sterling Heights, 94 Mich. App. 494, 290 N.W. (2d) 43 (1980); see also: 20 A.L.R. (3d), § 5A at 1316; cf: Transportation, Inc. v. City of Falls Church, 219 Va. 1004, 254 S.E. (2d) 62 (1979).
In Kinsey Construction Co., Inc., v. S.C. Department of Mental Health, 272 S.C. 168, 249 S.E. (2d) 900 (1978) we held the doctrine of sovereign immunity would not bar contract claims because the State may not contract with an individual and then avoid its obligations. The same rationale controls here. The State, or its political subdivisions, may not avoid its obligations to perform its commercial services in a non-negligent manner by invoking the doctrine of sovereign immunity.
It is generally held that if a governmental body is negligent in performing a proprietary function, it will be liable for negligence, while, if its activity is classified as governmental, the defense of sovereign immunity shall apply.
Respondents were engaged in the commercial venture of providing water service to appellant and the doctrine of sovereign immunity does not bar his cause of action for negligence.
Moreover, I would hold the doctrine of sovereign immunity in its present form is a far cry from the original common law principle which exempted the sovereign from liability in court on the basis "the king could do no wrong." It has *386 been amended and eroded[1] until the most that remains is an abstract and confusing principle which finds literally no continuity between jurisdictions. The purpose for which the doctrine was created has long since vanished and it is now time to finally abolish the rule.
Once more I advocate that we should overrule the archaic rule of sovereign immunity. I must again direct attention to certain fundamental principles which I believe are and have been ignored or violated by a majority of this Court following the ancient doctrine of sovereign immunity. Boyce v. Lancaster County Natural Gas Authority, 266 S.C. 398, 223 S.E. (2d) 769 (1976).
The doctrine that the king can do no wrong is simply not a sound basis to hold that a corporate state should have sovereign immunity or that, Russell v. The Men of Devon, 100 Eng. Rep. 359 (1788), which has been frequently cited to hold that the common law recognized the doctrine is no authority to apply the doctrine to political subdivisions, including municipal corporations, since Men of Devon was an action against the population of an unincorporated town. It is also to be noted that out forbearers won the Revolutionary War to rid themselves of such sovereign prerogatives.
When a theory supporting a rule of law is not grounded upon sound logic, is not just, and has been discredited by actual experience, it should be discarded, and with it, the rule it supports.
*387 As stated in Muskopf, et al. v. Corning Hospital District, 55 Cal. (2d) 211, 359 P. (2d) 457, 460, 11 Cal. Rptr. 89 (1961):
"The rule of governmental immunity for tort is an anachronism, without rational basis, and has existed only by the force of inertia."
The sole issue here is whether or not we will recede from our previously announced rule which grants sovereign immunity indiscriminately to all phases of governmental operations. This rule has been the subject of thousands of pages of learned dissertations. I am told that since 1900 well over three hundred law review articles alone have been written on the subject. The reporters are full of decisions of courts covering various aspects of the problem. Our own precedents reveal that this court has considered the matter many times.[2] There is very little I can now add.
*388 In the interest of justice the time has come to face this matter and place the responsibility for tortious conduct upon those responsible. To uphold sovereign immunity is to predicate the law of today upon an eighteenth century anachronism.
I cannot state it more aptly than it was in Molitor v. Kaneland Community Unit District No. 302, 18 Ill. (2d) 11, 163 N.E. (2d) 89, 93, 86 A.L.R. (2d) 469, 476 (1959):
"It is a basic concept underlying the whole law of torts today that liability follows negligence, and that individuals and corporations are responsible for the negligence of their agents and employees acting in the course of their employment. The doctrine of governmental immunity runs directly counter to that basic concept. What reasons, then, are so impelling as to allow a school district, as a quasi-municipal corporation, to commit wrongdoing without any responsibility to its victims, while any individual or private corporation would be called to task in court for such tortious conduct?"
I am firmly of the opinion that the doctrine of sovereign immunity has no place in our present society. There is no doctrine more firmly imbedded in the law than the principle that liability follows the tortious wrongdoer. Even more so with the advent of liability insurance. I submit that the concept of sovereign immunity is in a head-long collision with the basic rule of liability for tortious conduct.
I would abolish the rule of sovereign immunity and reverse and remand this case.
HARWELL, J., concurs.
NOTES
[1] Highway Defects
 Counties § 57-17-860 $1,000 property $ 5,000 personal
 State § 57-5-1810 $3,000 " $ 8,000 "
 Municipality § 5-7-70 $5,000 " $15,000 "
 Vehicles (All)
 § 15-77-230 $5,000 property $10,000 personal
 $20,000 multiple
 Charitable Immunity
 § 44-7-50 $100,000 personal
 Rural Electrical Authority
 § 58-29-150 $1,500 property $4,000 personal
 Joint Municipal Electrical Power Agencies
 § 6-23-310 Immunity waived & withdrawn.

[2] Douglass v. Florence General Hospital, 273 S.C. 716, 259 S.E. (2d) 117 (1979); Watford v. S.C. Highway Dept., 273 S.C. 463, 257 S.E. (2d) 229 (1979); Teague v. Cherokee County Memorial Hospital, 272 S.C. 403, 252 S.E. (2d) 296 (1979); Lyon v. City of Sumter, 272 S.C. 359, 252 S.E. (2d) 118 (1979); Kinsey Construction Co., Inc. v. S.C. Dept. of Mental Health, 272 S.C. 168, 249 S.E. (2d) 900 (1978); Brown v. Anderson County Hospital Assoc., 268 S.C. 479, 234 S.E. (2d) 873 (1977); Boyce v. Lancaster County Natural Gas Authority, 266 S.C. 398, 223 S.E. (2d) 769 (1976); Hazard v. S.C. State Highway Dept., 264 S.C. 386, 215 S.E. (2d) 438 (1975); Morris v. S.C. State Highway Dept., 264 S.C. 369, 215 S.E. (2d) 430 (1975); Truesdale v. S.C. Highway Dept., 264 S.C. 221, 213 S.E. (2d) 740 (1975); Belton v. Richland Memorial Hospital, 263 S.C. 446, 211 S.E. (2d) 241 (1975); Harrison v. S.C. Tax Commission, 261 S.C. 302, 199 S.E. (2d) 763 (1973); Division of General Services v. Ulmer, 256 S.C. 523, 183 S.E. (2d) 315 (1971); Elmwood Cemetery Association v. Wasson, et al., 253 S.C. 76, 169 S.E. (2d) 148 (1969); Vance v. S.C. Tax Commission, 249 S.C. 214, 153 S. E. (2d) 841 (1967); Campbell v. S.C. State Highway Dept., 244 S.C. 186, 135 S.E. (2d) 838 (1964); Jones v. Jones, 243 S.C. 600, 135 S.E. (2d) 233 (1964); Brazell v. City of Camden, 238 S.C. 580, 121 S.E. (2d) 221 (1961); Hinson v. A.T. Sistare Construction Co., 236 S.C. 125, 113 S.E. (2d) 341 (1960); Rice Hope Plantation v. S.C. Public Service Authority, 216 S.C. 500, 59 S.E. (2d) 132 (1950); Sanders v. State Highway Dept., 212 S.C. 224, 47 S.E. (2d) 306 (1948); Bell v. S.C. State Highway Dept., 204 S.C. 462, 30 S.E. (2d) 65 (1944); Brooks v. One Motor Bus, 190 S.C. 379, 3 S.E. (2d) 42 (1939); Owens v. State Highway Dept., 165 S.C. 180, 163 S.E. 473 (1932); Ouzts v. State Highway Dept., 161 S.C. 21, 159 S.E. 457 (1931); Chick Springs Water Co. v. State Highway Dept., 159 S.C. 481, 157 S.E. 842 (1931); U.S. Casualty Co. v. State Highway Dept. of S.C., 155 S.C. 77, 151 S.E. 887 (1930); Columbia Water Power Co. v. Columbia Electric Street Railway, Light & Power Co., 43 S.C. 154, 20 S.E. 1002 (1895); Ex parte Dunn, 8 S.C. 207 (1875).