## 21535

Kitty Katherine REED, Executrix of the Estate of Wiley Dempsey Reed, Appellant-Respondent, v. N. R. MEDLIN, South Carolina Department of Highways and Public Transportation, Ronnie Lewis Fail, Roy Davis and Ted Davis, D/B/A Davis Logging Company, and Kearse Manufacturing Company, of whom South Carolina Department of Highways and Public Transportation is Respondent-Appellant.

(281 S. E. (2d) 125)

*James C. Williams, Jr.,* of Marshall, Nicholson & Williams, Orangeburg, *for appellant-respondent.*

*Atty. Gen., Daniel R. McLeod, Asst. Atty. Gen., Richard D. Bybee,* Columbia, and *William Horger,* Orangeburg, *for respondent-appellant.*

August 3, 1981.

GREGORY, Justice:

In these companion wrongful death and survival cases both parties appeal rulings of the trial judge on demurrers to three causes of action. We affirm.

The facts giving rise to these actions are as follows. The late husband of appellant-respondent Kitty Katherine Reed, Executrtix (Reed), Wiley Dempsey Reed, was killed when his vehicle was struck from the rear by a log truck. The decedent had been stopped by a highway patrolman for the purpose of a driver's license and vehicle safety check. The patrolmaan had traffic backed up in both lanes at the bottom of a hill where visibility was limited by dangerous curves. Narrow, deep shoulders and a bridge prevented emergency escape as well. The log truck was simply unable to stop in time as it approached the roadblock from one of the perilous curves.

I

The first cause of action in each complaint alleges negligence on the part of respondent-appellant South Carolina Department of Highways and Public Transportation (Department) and patrolman Medlin. The trial judge sustained the Department's demurrer on the ground of sovereign immunity. *See United States Casualty Co. v. State Highway Department,* 155 S. C. 77, 151 S. E. 887 (1931).

In so doing the lower court was in full accord with "the longstanding rule of sovereign immunity based on a long line of decisions in this state". *Belue v. City of Spartanburg.* 280 S. E. (2d) 49 (S. C. 1981); see also *Tucker v. Kershaw County School District,* 279 S. E. (2d) 378 (S. C. 1981); *Lyon v. City of Sumter,* 272 S. C. 359, 252 S. E. (2d) 118 (1979) and cases cited in *Belue v. City of Spartanburg, supra.* The doctrine offends neither the state nor the federal constitution. See 81A C. J. S., *States,* § 248, at

p. 945 (1977) ; *Crowder v. Department of State Parks*, 228 Ga. 436, 185 S. E. (2d) 908 (1971), *cert. denied* 406 U. S. 914, 92 S. Ct. 1768, 32 L. Ed. (2d) 113 (1972). Accordingly, that portion of the order sustaining the demurrer to the charges of negligence based on sovereign immunity is affirmed.

## II

Reed's third cause of action in each of her complaints aver a violation of Section 57-5-1810, Code of Laws of South Carolina (1976), which provides in pertinent part:

"Any person who may suffer injury to his person or damage to his property by reason of . . . a defect in any State highway . . . may bring suit against the Department for the actual amount of such injury or damage . . ."

This statute is one clear and palpable example of an explicit waiver of immunity by the state, not only from suit but from liability as well. *Ouzts v. Highway Department*, 161 S. C. 21, 159 S. E. 457 (1931).

The Department demurred to these causes of action on the ground the highway patrol roadblock was not a "defect" within the meaning of § 57-5-1810. The trial judge overruled the demurrer.

We defined the term "defect" as employed by this statute in the case of *Stanley v. South Carolina Highway Department*, 249 S. C. 230, 235, 153 S. E. (2d) 687 (1967) as:

"*any physical condition* on or overhanging the right of way, which makes the use of the improved portion of the highway unsafe and dangerous to a traveler exercising due care." (Emphasis supplied.)

The conclusion is inescapable that a patrol car and roadblock placed upon the roadway in a dangerous position is a "physical condition" which may render unsafe the use of the

highway. It is in that way just as much a peril as a water hose lying across the street, which this Court held to be a defect in *Terrell v. City of Orangeburg,* 176 S. C. 518, 180 S. E. 670 (1935). The lower court was correct in overruling the Department's demurrers to these causes of action under § 57-5-1810.

### III

The damages Reed seeks in the cause of action under § 57-5-1810, the "defects" statute, in the wrongful death complaint are for the indirect injuries sustained by the widow and children of the deceased. The department again demurred to this cause of action, asserting the state has not consented to suit for injuries to the widow and children.

This contention is without support, and the trial judge properly overruled the demurrer based thereon. Section 57-5-1850, Code of Laws of South Carolina (1976) specifically provides:

"Whenever the death of a person shall be caused by reason of . . . a defect in the roadway of any State highway . . . the right of action for such injury and death shall survive to and may be enforced by the personal representative of such person *in the same manner as is now provided by § 15-51-20 . . . and the provisions of that section shall be applicable to all such actions.*" (Emphasis supplied.)

§ 15-51-20 plainly states that "such action shall be *for the benefit of the wife or husband and child or children* of the person whose death shall have been so caused. . . ." (emphasis supplied)". And it is altogether clear that such beneficiaries, in an action for wrongful death under § 15-21-20, are entitled to recover for mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship and pecuniary loss as a proximate result of the wrongful act causing death. *Smith v. Wells,* 258 S. C. 316, 188 S. E. (2d) 470 (1972). These are precisely the elements of actual

damage which Reed seeks in the "defects" statute cause of action of the wrongful death complaint.

We read § 57-5-1850, which incorporates without limitation the provisions of § 15-51-20 of the wrongful death act, as a clear and explicit waiver of sovereign immunity permitting suit for the benefit of the widow and children. To hold otherwise would be to write § 57-5-1850 out of the Code.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, J., concur.

NESS and HARWELL, JJ., concur and dissent.

NESS, Justice (concurring and dissenting):

Being of the opinion that the doctrine of sovereign immunity is no longer justifiable as stated in my dissent in *Belue v. City of Spartanburg*, 280 S. E. (2d) 49 (S. C. 1981), I dissent from that portion of the majority's opinion affirming the doctrine. I concur with the remainder of the majority opinion.

Concurred in part and dissented in part.
HARWELL, J., concurs.