**OMNI OUTDOOR ADVERTISING, INC., Plaintiff,**

**v.**

**COLUMBIA OUTDOOR ADVERTISING, INC., J. Willis Cantey and the City of Columbia, Defendants.**

**Civ. A. No. 82–2872–O.**

United States District Court, D. South Carolina, Columbia Division.

July 8, 1983.

Roy D. Bates and James S. Meggs, Columbia, S.C., for defendant City of Columbia.

Austin & Lewis by A. Camden Lewis and Randall Chastain, Columbia, S.C., for plaintiff.

## OPINION

MacMAHON,* District Judge.

Defendant City of Columbia ("Columbia") moves to dismiss the complaint for failure to state a claim upon which relief may be granted, see Fed.R.Civ.P. 12(b)(6), on the ground that it is exempt from liability under the federal antitrust laws and immune under state law. Plaintiff ("Omni") alleges that defendants have violated Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2, and state law.

\* Of the United States District Court· for the Southern District of New York, sitting by des-

The allegations of the complaint, which we accept as true on this motion to dismiss, are as follows:

Omni is a Georgia corporation engaged in erecting billboards and leasing space on them to advertisers. Defendant Columbia Outdoor Advertising, Inc. ("COA") is a South Carolina corporation engaged in the same business. Defendant J. Willis Cantey, a South Carolina resident, is majority stockholder and chairman of the board of COA. Defendant Columbia is the capitol of South Carolina and a municipal corporation located in Richland County.

Omni entered the Columbia, South Carolina, market in the fall of 1981. COA, then owner of more than 95% of the billboards in that market, conspired with the other defendants to prevent Omni from competing effectively. The alleged overt acts were: (1) defendants caused the zoning commission of Columbia to abdicate to the Columbia City Council its responsibility for regulating the construction of billboards; (2) defendants caused the City Council to pass two ordinances banning the construction of billboards and a third ordinance containing "burdensome standards regulating the construction and erection of billboards;" (3) COA caused Richland County to enact an ordinance containing standards regulating the construction of billboards which has had a detrimental effect on Omni while benefiting COA; (4) defendants have "interfaced with and poisoned" contractual relationships between Omni and other parties by making "false and malicious verbal and/or written reports and statements ... with the intent of destroying [Omni's] business;" and (5) COA has spread false rumors about Omni's business and charged rates below its cost in order to drive Omni out of the Columbia market.

Defendant Columbia's motion to dismiss should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which

ignation.

would entitle [it] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

### I. Federal Antitrust Claims

### A.

■ Defendant Columbia argues that, for the conduct complained of by Omni, it qualifies for the municipal exemption from the federal antitrust laws. A municipality is exempt from liability arising from a municipal ordinance if the ordinance "constitutes the action of the [state] itself in its sovereign capacity ... or ... constitutes municipal action in furtherance or implementation of clearly articulated and affirmatively expressed state policy...." *Community Communications Co. v. City of Boulder,* 455 U.S. 40, 52, 102 S.Ct. 835, 841, 70 L.Ed.2d 810 (1982). As evidence of a "clearly articulated and affirmatively expressed state policy," defendant Columbia points to S.C.Code §§ 5–23–10 *et seq.* & 6–7–10 *et seq.* Plaintiff disagrees.

■ Fortunately, we are not required to answer the nice question whether the cited sections of the South Carolina Code satisfy the *Boulder* requirements. The complaint in this case simply does not allege that the three ordinances passed by the City Council violated the antitrust laws; rather, it alleges that defendants conspired to violate Sherman Act §§ 1 and 2 and that the ordinances were three of the many overt acts committed in furtherance of the conspiracy. In other words, the evil plaintiff complains of is not the ordinances standing alone but rather the conspiracy. It is within the realm of possibility that evidence upon a trial might show corruption or bad faith anticompetitive actions on the part of city officials, *see generally* P. Areeda, Antitrust Law § 203.3c (Supp.1982). We cannot say, therefore, that plaintiff can prove no set of facts in support of its claim of conspiracy that would entitle it to relief. *Conley v. Gibson, supra.*

In *City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978), the defendants' counterclaim alleged that plaintiff municipalities, which owned and operated electric utility systems, had conspired to violate the antitrust laws. The plaintiffs moved to dismiss the counterclaim on the ground that they were exempt from liability under the federal antitrust laws. The United States Supreme Court ruled that the cities would be exempt for anticompetitive conduct engaged in "pursuant to state policy to displace competition with regulation or monopoly public service." *Id.* at 413, 98 S.Ct. at 1137. But the Court remanded the case to the district court for determination whether the cities' actions were directed by the state. There is no reported decision on remand.

Following *City of Lafayette,* in four cases courts refused to dismiss claims that cities had conspired to violate the antitrust laws. *See Whitworth v. Perkins,* 559 F.2d 378, 379 (5th Cir.1977), *vacated for reconsideration in light of City of Lafayette [supra],* 435 U.S. 992, 98 S.Ct. 1642, 56 L.Ed.2d 81 *reinstated,* 576 F.2d 696 (5th Cir.1978), *cert. denied sub nom. City of Impact v. Whitworth,* 440 U.S. 911, 99 S.Ct. 1224, 59 L.Ed.2d 460 (1979); *Schliessle v. Stephens,* 525 F.Supp. 763, 776 (N.D.Ill.1981); *Stauffer v. Town of Grand Lake,* [1981–1] Trade Cas. ¶ 64,029 at 76,330 (D.Colo.1980); *Cedar-Riverside Associates, Inc. v. United States,* 459 F.Supp. 1290, 1299 (D.Minn. 1978), *aff'd on other grounds sub nom. Cedar-Riverside Associates, Inc. v. City of Minneapolis,* 606 F.2d 254 (8th Cir.1979). Moreover, in two of these cases, the courts reached this result after explicitly ruling that the cities' alleged actions, standing alone, were exempt from the antitrust laws. Thus, these two courts explicitly recognized the distinction between an allegation that a city's action violated the antitrust laws and an allegation that a city conspired to violate the antitrust laws. *See Stauffer v. Town of Grand Lake, supra,* [1981–1] Trade Cas. at 76,328–30; *Cedar-Riverside Associates, Inc. v. United States, supra,* 459 F.Supp. at 1298. In only one case was a motion to dismiss such a claim granted, *see Crocker v. Padnos,* 483 F.Supp. 229, 232 (D.Mass.1980), and in that case it appears that the court simply overlooked the distinction.

We have no doubt that the better result is to deny a motion to dismiss when the arguably exempt actions of the municipality do not stand alone but are only some of the overt acts of an alleged conspiracy. Simply put, the plaintiff is entitled to an opportunity to prove the alleged conspiracy.

### B.

■ Defendant Columbia also makes the novel argument that municipalities, when acting "in areas involving substantial governmental interests and goals," are immune from liability under the federal antitrust laws by virtue of the tenth amendment to the United States Constitution, citing *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). We reject this argument. The law is

"in order to succeed, a claim that congressional commerce power legislation is invalid under the reasoning of *National League of Cities* must satisfy *each* of three requirements. First, there must be a showing that the challenged statute regulates the 'States as States.' . . . Second, the federal regulation must address matters that are indisputably 'attribute[s] of state sovereignty.' . . . And third, it must be apparent that the States' compliance with the federal law would directly impair their ability 'to structure integral operations in areas of traditional governmental functions.' "

*Hodel v. Virginia Surface Mining & Reclamation Association,* 452 U.S. 264, 287–88, 101 S.Ct. 2352, 2365–66, 69 L.Ed.2d 1 (1981). The Sherman Act meets none of these requirements.

### II.  State Claims

Plaintiff makes the following claims under state law: Count III, violation of S.C. Code § 39–3–130 (agreement in restraint of trade illegal);  Count IV, violation of § 39–3–120 (monopolies illegal);  Count V, violation of § 39–3–10 (anticompetitive combinations illegal);  Count VI, tortious interference with and destruction of plaintiff's business (no statute cited);  Count VII, destruction of plaintiff's business reputation and goodwill (no statute cited);  and Count VIII, unlawful interference and unfair competition with plaintiff's business (no statute cited).

■ Defendant Columbia makes two arguments in support of its motion to dismiss the state law claims.  Its first argument is that it is immune from liability for torts;  plaintiff does not meet this argument in its opposing memorandum.  Our research indicates that municipalities in South Carolina are immune from all tort claims except those for which the legislature has specifically waived sovereign immunity.  *See Belue v. City of Spartanburg,* 276 S.C. 381, 280 S.E.2d 49 (1981);  *Furr v. City of Rock Hill,* 235 S.C. 44, 109 S.E.2d 697, 698 (1959). Plaintiff has not called to our attention, nor have we found, any statute which waives the sovereign immunity of municipalities for the torts plaintiff alleges in Counts VI through VIII.  These counts, therefore, must be dismissed.

■ Defendant Columbia also argues that it is shielded from liability under the state antitrust laws by S.C.Code § 39–5–40, which provides:

"Section 39–5–40. *Article inapplicable to certain practices and transactions.*

Nothing in this article shall apply to: (a) Actions or transactions permitted under laws administered by any regulatory body or officer acting under statutory authority of this State or the United States or actions or transactions permitted by any other South Carolina State law.

(b) Acts done by the publisher, owner, agent or employee of a newspaper, periodical or radio or television station in the publication or dissemination of an advertisement, when the owner, agent or employee did not have knowledge of the false, misleading or deceptive character of the advertisement and did not have a direct financial interest in the sale or distribution of the advertised product or service.

(c) This article does not supersede or apply to unfair trade practices covered and

**1448**

regulated under Title 38, Chapter 55, Sections 38–55–10 through 38–55–410.

(d) Any challenged practices that are subject to, and comply with, statutes administered by the Federal Trade Commission and the rules, regulations and decisions interpreting such statutes.

For the purpose of this section, the burden of proving exemption from the provisions of this article shall be upon the person claiming the exemption."

Defendant Columbia has not seen fit to tell us or Omni whether it claims exemption under subsection (a) or (d) or both. Omni asserts in response that defendant Columbia has not met the burden of proving exemption, and, focusing on subsection (a), that there is no such regulatory body or officer involved with the statutes relevant here.

It is clear that the acts of defendant Columbia alleged in the complaint are not exempt under either subsection (a) or (d). In *Bostick Oil Co. v. Michelin Tire Corp., Commercial Division,* 702 F.2d 1207 (4th Cir.1983), the Fourth Circuit Court of Appeals held, as to subsection (a), that the defendant's actions were not exempt merely because the defendant asserted that "its conduct in a particular case might not be illegal" under the federal antitrust laws. *Id.* at 1220. As to subsection (d), the court reasoned that if the claim against the defendant were not exempted by subsection (a), which applies to actions "permitted" by other law, it would not be exempted by the narrower subsection (d), which applies to actions complying with statutes administered by the Federal Trade Commission. *Id.* at 1219 n. 24. Following *Bostick,* we must reject defendant Columbia's argument that the actions in the complaint are exempt under § 39–5–40.

Accordingly, defendant Columbia's motion to dismiss is granted as to Counts VI, VII and VIII, and denied in all other respects. The Clerk of the court is directed to enter judgment dismissing Counts VI, VII and VIII of the complaint as to defendant Columbia.

So ordered.